OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On April 19, 1985, at 1:00 a.m. State Trooper Donald Faughnan and his partner, Ronald Bell, received a radio communication, directing them to investigate a one-car property damage accident, possibly involving an intoxicated driver, at the intersection of two State highways in the Town of Newark Valley, Tioga County. The officers observed two cars stopped about 100 yards from the intersection — one parked on the shoulder of the highway, the second, defendant’s vehicle, parked perpendicular to the first in the driveway of a closed farm implements store. The officer saw defendant standing outside of his vehicle, conversing through the other vehicle’s passenger side window with the driver of that vehicle. When the officers pulled their clearly marked police car behind the vehicle parked on the shoulder and approached on foot, defendant returned to his vehicle and sat in the driver’s seat, while the other vehicle drove away. Trooper Bell then returned to the police vehicle and pulled it up in front of the driveway.
Trooper Faughnan approached defendant’s vehicle and inspected the outside by flashlight to determine if there were any signs of damage, which could have indicated that defendant was involved in an accident. He then asked defendant if he had been involved in an accident and defendant replied that he had not. At this point, Trooper Faughnan asked defendant for a license and registration. Defendant replied that he had no license and that the car was not registered in his name. Faughnan observed a roll of clear, one-inch-size plastic bags with zip-lock tops in plain view on the dashboard of defendant’s vehicle, and asked defendant what they were for. Defendant replied that he was a coin collector and that the baggies were used for holding the coins.
Trooper Faughnan knew from police schooling and experience that bags of the type found in defendant’s vehicle were often used to store drugs and asked defendant to exit the vehicle. Trooper Faughnan also observed a black pouch on the *893 dashboard of defendant’s vehicle and twice asked defendant what was in the pouch. Defendant reached into the vehicle, pulled out the pouch, opened it and pulled out a small bag containing a white powdery residue. When asked if the bag contained speed or cocaine, defendant answered that it was speed. Defendant was placed under arrest. A subsequent search of defendant’s vest and vehicle revealed more illegal drugs.
In affirming defendant’s conviction, the Appellate Division rejected defendant’s argument that the physical evidence should have been suppressed as the fruit of an illegal search and seizure (NY Const, art I, § 12; US Const 4th, 14th Amends). The court also rejected defendant’s argument that probable cause for his subsequent arrest was obtained through custodial interrogation, prior to the giving of Miranda warnings, and, therefore, all physical evidence obtained as an incident of that arrest had to be suppressed. On the issue of interrogation, the Appellate Division made no express finding as to whether defendant was in custody at the time of the questioning, holding that even if defendant were in custody the questioning was permissible pursuant to People v Huffman (41 NY2d 29). We now affirm, but for different reasons than those used by the Appellate Division on the question of interrogation.
Defendant’s right to be free from unreasonable searches and seizures was not violated. Trooper Faughnan had a justifiable basis for approaching defendant’s stopped vehicle to inquire whether defendant was involved in a reported accident. While making this routine investigatory inquiry, Trooper Faughnan observed the roll of plastic bags in plain view on the dashboard of the vehicle defendant admitted that he had been operating, thereby providing objective facts which support the undisturbed finding that there existed reasonable suspicion to briefly detain and question defendant (see, People v De Bour, 40 NY2d 210, 223). Once defendant made the incriminating replies to Trooper Faughnan’s inquiries, there existed probable cause for defendant’s arrest and justification for the subsequent search of defendant’s person and vehicle incident to an arrest (see, People v Belton, 55 NY2d 49).
The investigatory inquiries made by Trooper Faughnan did not constitute custodial interrogation to which Miranda v Arizona (384 US 436) applies. Although defendant was seized within the meaning of the Fourth Amendment to the United States Constitution and article I, § 12 of the New York State *894 Constitution during the period of this questioning (see, Berkemer v McCarty, 468 US 420, 436-437; Terry v Ohio, 392 US 1, 16-17; People v Cantor, 36 NY2d 106, 110-111), he was not, as a matter of law, in custody at this time for purposes of the need to give Miranda warnings. When a seizure of a person remains at the stop and frisk inquiry level and does not constitute a restraint on his or her freedom of movement of the degree associated with a formal arrest, Miranda warnings need not be given prior to questioning (Berkemer v McCarty, supra, at 439-440; People v Morales, 65 NY2d 997, 998).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.