■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL PATTERSON, Also Known as CAROL ALLEN, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Marasco, J.), rendered May 23, 1985, convicting her of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements.

Ordered that the judgment is affirmed.

The statements made by the defendant at the scene of the crime were made in response to investigative inquiries, and were not the result of custodial interrogation (see, People v Bennett, 70 NY2d 891; People v Huffman, 41 NY2d 29). As such, they were properly admitted into evidence even though they were made prior to the time the defendant was given her Miranda warnings (People v Bennett, supra; People v Huffman, supra). Similarly, the statements made by the defendant while she was on the way to police headquarters were properly

deemed admissible even though no *Miranda* warnings were issued. Assuming, arguendo, that the defendant was in custody at that point, her *Miranda* rights were not violated because, rather than being the product of interrogation or its functional equivalent, her statements were made in response to the patrolman's admonition to remain silent until she was advised of her rights *(see, People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007; *People v Bryant,* 87 AD2d 873, *affd* 59 NY2d 786, *rearg dismissed* 65 NY2d 638).

The evidence adduced at trial, both direct and circumstantial, was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The remaining contention raised by the defendant has not been preserved for appellate review *(see, People v Martin,* 50 NY2d 1029; *People v Tutt,* 38 NY2d 1011), and is, in any event, without merit. Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.