■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD BAKER, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Moskowitz, J.), dated December 8, 1987, granting the defendant's motion pursuant to CPL 330.30 to set aside the verdict finding him guilty of robbery in the first degree.

Ordered that the order is reversed, on the law, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for sentencing.

The Supreme Court erred in setting aside the verdict on the basis of the trial court's unrequested instruction on the defendant's failure to testify *(see, People v McLucas,* 15 NY2d 167). While the trial court acted improperly in giving such a charge *(see, People v Koberstein,* 66 NY2d 989; *People v Ogle,* 142 AD2d 608; *People v Concepcion,* 128 AD2d 887), we find that reversal of the judgment of conviction is not warranted under the circumstances of this case. The charge was "consistent in substance with the intent of the statute" *(People v Gonzalez,* 72 AD2d 508), and not so extensive as to prejudicially draw the jury's attention to the issue *(People v Brown,* 150 AD2d 472; *People v Davidson,* 150 AD2d 717). In light of the overwhelming evidence of the defendant's guilt, there is no reasonable possibility that the error contributed to his conviction *(see, People v Crimmins,* 36 NY2d 230, 237; *People v Brown, supra; People v Malcolm,* 143 AD2d 1049). Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.