■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RHONDA COATES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered June 13, 1986, convicting her of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her prearrest statements made to police officers.

Ordered that the judgment is affirmed.

We conclude that the hearing court acted properly in denying that branch of the defendant's omnibus motion which was to suppress her prearrest statements made to police officers. The evidence adduced at the suppression hearing established that on July 19, 1985, at approximately 4:45 P.M., Officer Handelsman and his partner drove their unmarked patrol car behind Macy's department store located in White Plains. At that time, the officers observed a black car, with two individuals in the front seat, parked in a restricted zone behind the store. After the officers stopped their car approximately 40 feet behind the black car, they observed a woman wearing a long skirt exit Macy's rear door and enter the back seat. At that point, the officers observed a great deal of movement in the black car. In an attempt to gain a better view of the vehicle, Officer Handelsman exited his car, walked up onto a bridge which connected the department store with a nearby parking lot and looked down into the side windows of the black car. From that vantage point, the officer observed the woman in the back seat removing items from underneath her skirt and placing them into a bag.

Officer Handelsman subsequently returned to his car and he and his partner continued their surveillance. Shortly thereafter the officers observed a second woman and a man exit the department store and walk over to the black car. The woman handed a bag which she had been carrying to the man seated in the driver's seat and she then entered by the rear door. The woman's male companion, who was also carrying a shopping bag, entered the rear of the car as well.

At that point, the black car containing the five individuals left the parking lot. As it turned right onto Martine Avenue, the officers, who had been following, pulled up alongside, identified themselves as police officers, and directed the driver to pull over. At that time, Officer Handelsman observed a commotion inside the car and he saw one of the women in the back seat pass a bag to the front seat. Once the vehicle stopped, Officer Handelsman approached the car and requested that the driver, the codefendant Carter Johnson, produce his license and registration. After the driver provided the officer with a learner's permit and a registration, he was directed to step outside the car.

Thereafter, Officer Handelsman approached the defendant who was seated in the front passenger seat. After the defendant identified herself, the officer inquired as to whether the shopping bag located on the floor in front of the defendant belonged to her. The defendant replied in the affirmative and, in response to the officer's inquiry, she indicated that the bag contained clothing which she had just purchased from Macy's. When asked why the clothing was not in a Macy's shopping bag, the defendant replied that the Macy's bag had ripped. At that point, the officer requested that the defendant step out of the car and, upon inspecting the contents of the shopping bag, he observed items of clothing which had Macy's price tags and sensor tags attached to them. No receipts for the merchandise were in the bag. The defendant and her four companions were then placed under arrest.

Contrary to the defendant's position, Officer Handelsman's investigative inquiries did not constitute a custodial interrogation to which *Miranda v Arizona* (384 US 436) applies *(see, People v Bennett,* 70 NY2d 891; *People v Patterson,* 138 AD2d 540). Although the defendant had been stopped for the limited purpose of permitting the officers to conduct a brief inquiry based upon their reasonable suspicion that a crime had been committed, the officers' conduct did not restrain the defendant's freedom of movement to the degree associated with a formal arrest *(see, People v Bennett, supra).* Accordingly, a reasonable person in the defendant's position and innocent of any crime would not have considered himself or herself in custody at the time *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851).

We also conclude that the defendant's untimely application to suppress her statements on the ground that the stop of the vehicle was illegal was properly denied since the defendant failed to demonstrate good cause for the delay in raising this

issue *(see,* CPL 255.20 [3]; *People v Franklin,* 127 AD2d 685). Similarly, we conclude that the trial court did not improvidently exercise its discretion in refusing to grant a continuance of the trial at the close of the People's case in order that the defendant could obtain the presence of one of her accomplices who intended to testify on her behalf. The defendant was clearly guilty of neglect in failing to subpoena this incarcerated individual in a timely fashion *(see, People v Foy,* 32 NY2d 473; *People v Paul,* 143 AD2d 107).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review and/or without merit. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.