■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC LACY, Appellant.—Judgment, Supreme Court, New York County (James Leff, J.), rendered September 28, 1988, convicting defendant, after a jury trial, of robbery in the first degree and sentencing defendant to a term of imprisonment of 7½ to 15 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), we find that defendant's guilt was proven beyond a reasonable doubt. Any conflict in the testimony was for the trier of fact to resolve *(see, People v Siu Wah Tse,* 91 AD2d 350, *lv denied* 59 NY2d 679). Further, the record reveals that the showup identification occurred in close spatial and temporal proximity to the robbery while the victim's memory of defendant's face, which she had observed for several minutes in a well-lit vestibule, was still fresh. *(People v Johnson,* 57 NY2d 969, 970; *People v Bond,* 156 AD2d 573.)

Although it is improper for the prosecutor to elicit testimony from arresting officers that they arrested defendant after complainant had identified him and after insuring that complainant was certain of her identification *(People v Trowbridge,* 305 NY 471; *People v Blue,* 155 AD2d 472), the error was harmless inasmuch as there was overwhelming proof of guilt, and no significant probability that defendant would have been acquitted but for the bolstering. *(People v Johnson, supra; People v Forbes,* 161 AD2d 485, 486.)

Our review of the record discloses that the cousin of the prosecution witness was not shown to be under the control of the People, and that the expected testimony would have been cumulative. Accordingly, the trial court properly refused to give a missing witness charge. *(See, People v Gonzalez,* 68 NY2d 424, 427.)

We decline to review defendant's remaining unpreserved contentions. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Kassal, JJ.