■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered December 19, 1989, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the hearing court should have suppressed tangible evidence. Issues of credibility are primarily for the suppression court which has the peculiar advantage of having seen and heard the witness, and its determination is entitled to great weight on appeal *(see, People v Prochilo,* 41 NY2d 759; *People v Garafolo,* 44 AD2d 86). Moreover, we find nothing "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" in the experienced police officer's hearing testimony that he saw the defendant holding a couple of vials containing a white substance in a well lit lobby from a distance of approximately three feet *(see, People v Garafolo, supra,* at 88).

We also find no reason to reverse the defendant's judgment of conviction because of the trial court's charge regarding the defendant's failure to testify. While the court's charge could have been better, in light of the overwhelming evidence of the defendant's guilt there is no reasonable possibility that any error in the court's charge affected the verdict *(see, People v Crimmins,* 36 NY2d 230, 241-242; *People v Baker,* 153 AD2d 865). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.