■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROSARIO, Appellant.—Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered May 22, 1990, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a predicate felony offender, to a term of imprisonment of from 3 to 6 years, unanimously affirmed.

Defendant did not sustain his burden of showing that the missing witness possessed knowledge of a material issue *(People v Gonzalez,* 68 NY2d 424). Although, prior to trial, the People moved to dismiss the first count of the indictment charging defendant with criminal possession of a weapon in the second degree because the witnesses necessary to establish that charge were unavailable, and subsequent references were made to this subject during various colloquy with the court, at

no time did defendant comment on any missing witnesses until after summations, when counsel first indicated that one of the witness' testimony was critical and that he was requesting a missing witness charge. Nor did defendant's testimony demonstrate the materiality of the witness, since defendant never actually claimed that the witness and his companion were in fact the same person. Furthermore, the trial court correctly concluded that although the witness may have initially reported the incident to the police and appeared before the Grand Jury, he was not in the control of the People. The witness was not an undercover police officer or an informant with a long-standing relationship with law enforcement such that they could be expected to produce him (see, *People v Vasquez,* 76 NY2d 722; *People v Dillard,* 96 AD2d 112), nor were there any other indicia to support defendant's present contention that the witness was under the People's control (*People v Lacy,* 166 AD2d 168). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Smith, JJ.