■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN STALEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered June 22, 1989, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court committed reversible error in connection with its comments, during the jury voir dire and during its final charge to the jury, regarding the defendant's failure to testify. Since the defendant failed to register an objection to the court's final charge, his argument in that respect is unpreserved for appellate review *(People v Autry,* 75 NY2d 836). Moreover, although the court erred by delivering preliminary instructions which exceeded the plain and simple language of CPL 300.10 (2) *(People v McLucas,* 15 NY2d 167; *People v Baker,* 153 AD2d 865), we find that this error was harmless beyond a reasonable doubt because there is no reasonable possibility that it contributed to the defendant's conviction *(People v Wilson,* 162 AD2d 747). There was overwhelming proof of the defendant's guilt, and the instructions were consistent with the intent of the statute, and were not so extensive as to prejudicially draw the jury's attention to the defendant's failure to testify *(People v Davidson,* 150 AD2d 717; *People v Baker, supra).*

Although it was improper for the prosecutor to elicit testimony from the arresting officers that they arrested the defendant after the complainant had identified him *(People v Trowbridge,* 305 NY 471; *People v Blue,* 155 AD2d 472), the error was harmless inasmuch as there was overwhelming proof of the defendant's guilt, and there is no significant probability that the defendant would have been acquitted but for the bolstering *(People v Johnson,* 57 NY2d 969; *People v Lacy,* 166 AD2d 168).

We find that the defendant's sentence was neither harsh nor excessive *(People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be largely unpreserved for appellate review and, in any event, without merit. Thompson, J. P, Lawrence, Miller and Ritter, JJ., concur.