■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY McCLANE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered May 8, 1989, convicting him of robbery in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the testimony of the arresting officer impermissibly bolstered the complainant's identification testimony. However, any error in the admission of that testimony must be deemed harmless in light of the overwhelming proof of the defendant's guilt (see, People v Johnson, 57 NY2d 969; People v Staley, 182 AD2d 846).

The defendant also contends that he was deprived of his right of confrontation when another police officer testified that three individuals at the scene of the incident, one of whom testified at the trial and the others of whom did not, identified the defendant. However, this claim is unpreserved for appellate review (see, People v Qualls, 55 NY2d 733). In any event, the defendant's claim is without merit. One of these individuals happened to enter the building vestibule where the robbery occurred just after the robbery took place, and upon hearing the complainant scream "He robbed me", while pointing to the defendant, started to chase the defendant, who had just exited the vestibule. Thereafter, that individual and two other individuals, while speaking to the police officer, observed the defendant coming out from behind some bushes, and all three said "That is him", while pointing at the defendant. At the trial, the first individual testified that he was unable to identify the defendant as the person he had chased because his recollection had dulled with the passage of time, but he confirmed that he pointed out the person he had chased to the police.

It was evident that the other two individuals who did not testify at the trial were not witnesses to the crime and could not possibly identify the defendant as the perpetrator. They merely joined in the chase and the police officer testified that they pointed to the defendant as the person who was being chased. The defendant was apprehended and arrested four to five blocks away from the scene of the incident and only after he was identified by the complainant *(see, People v Polidore,* 181 AD2d 835). Moreover, since the proof of guilt is overwhelming, any error in the admission of the officer's testimony was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237). Eiber, J. P., Miller, Copertino and Pizzuto, JJ., concur.