■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORRY WILLIAMS, Appellant. [708 NYS2d 56] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered February 25, 1999, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Police responding to a report of a burglary in progress were informed by building employees that a described individual carrying only an empty bag had claimed to be making a delivery to a commercial office on a floor where all the offices were closed for the night, and had also wandered around various other floors of the building. The police located defendant, who met the description and was now carrying a full, bulging shopping bag. These facts gave the police probable cause to arrest defendant for, at the very least, criminal trespass (*see, People v Judge,* 236 AD2d 319, *lv denied* 89 NY2d 1037). Accordingly, the police properly seized and examined the bag, which was filled with stereo equipment and compact discs. The police asked questions about the contents of the bag that were directed at clarifying the situation and not as interrogation. Therefore, these questions did not require *Miranda* warnings (*see, People v Huffman,* 41 NY2d 29, 34). In any event, were we to find that admission of defendant's responses was error, we would find the error harmless beyond a reasonable doubt.

The court properly declined to instruct the jurors that they were not to use a report of a prior burglary, elicited by defendant, as proof of defendant's guilt in the instant case. Such instruction was unnecessary since there was no link between the defendant and the prior burglary, and, in any event, the court gave an instruction that adequately conveyed the same information. Concur—Nardelli, J. P., Tom, Ellerin, Lerner and Andrias, JJ.