People v Richardson (2021 NY Slip Op 02080)





People v Richardson


2021 NY Slip Op 02080


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Manzanet-Daniels, J.P., Kern, González, Shulman, JJ. 


Ind No. 4734/13 Appeal No. 13495 Case No. 2017-2065 

[*1]The People of the State of New York, Respondent,
v
Stewart Richardson, Defendant-Appellant. 


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Emma L. Shreefter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J. at suppression hearing; Daniel P. Conviser, J. at jury trial and sentencing), rendered April 29, 2014, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.
The hearing court properly denied defendant's motion to suppress his statement to police. Miranda warnings were not required, because, to the extent the police briefly detained defendant for questioning in the lobby of his residence, this did not constitute custody for Miranda purposes (see Berkemer v McCarty, 468 US 420, 436-437 [1984]; People v Bennett, 70 NY2d 891 [1987]). Furthermore, the court credited the officer's testimony that the questioning was merely investigatory (see People v Huffman, 41 NY2d 29, 33-34 [1976]; People v Williams, 271 AD2d 335, 335 [1st Dept 2000], lv denied 95 NY2d 859 [2000]). In any event, on this record, any error would be harmless.
The verdict was not against the weight of evidence (People v Danielson, 9 NY3d 342, 349 [2007]). There was ample evidence to support the conclusion that when defendant entered the room of a fellow resident of a single room occupancy building, he intended to commit a crime. Among other things, the victim found that his room had been ransacked. Defendant admittedly took valuable property, and was depicted on videotape doing so. Defendant's claim that he thought the property in the room was "abandoned" and free to take is without merit.
The court providently exercised its discretion in precluding defendant from cross-examining the arresting officer about the fact that in her paperwork she charged defendant with petit larceny rather than burglary (see generally People v Hayes, 17 NY3d 46, 53 [2011]). The officer's lay opinion on a matter of law, where the correct legal charge was subsequently determined by the District Attorney's Office, was irrelevant and potentially misleading to the jury.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021