People v Hernandez (2023 NY Slip Op 02982)

People v Hernandez

2023 NY Slip Op 02982

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Ind. No. 2157/14 Appeal No. 410 Case No. 2018-2306 

[*1]The People of the State of New York, Respondent,
v
Arthur Hernandez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Robert A. Neary, J.), rendered October 25, 2017, convicting defendant, after a jury trial, of arson in the fourth degree, and sentencing him to four years' probation, with restitution in the amount of $18,818, unanimously modified, on the law and the facts, to the extent of reducing the restitution to the amount of $14,000, and otherwise affirmed.
The court correctly denied suppression of defendant's statements to two different fire marshals, made at the scene of a fire, in response to the question "What happened," or words to that effect. There was no custodial interrogation requiring Miranda warnings. Regardless of the marshals' unstated intention (see Stansbury v California, 511 US 318, 325 [1994]), their words and actions did not convey to defendant reason to believe that he had been placed in custody (see People v Yukl, 25 NY2d 585 [1969], cert denied 400 US 851 [1970]), but rather that the marshals "were still in the process of gathering information about the alleged incident prior to taking any action" (see People v Dillhunt, 41 AD3d 216, 217 [1st Dept 2007], lv denied 10 NY3d 764 [2008]). To the extent that the marshals directed defendant's movements, this was not the level of seizure that would require Miranda warnings (see Berkemer v McCarty, 468 US 420, 439-440 [1984]; People v Bennett, 70 NY2d 891 [1987]). Furthermore, there was no interrogation requiring warnings because the questioning at the fire scene was merely investigatory (see People v Huffman, 41 NY2d 29, 33-34 [1976]).
Upon suppressing, a third statement made at the precinct on the ground of lack of Miranda warnings, the court correctly determined that defendant's final statement, made after the warnings, was sufficiently attenuated from the suppressedstatement (see generally People v Bethea, 67 NY2d 364 [1986]; People v Chapple, 38 NY2d 112, 115 [1975]). There was no evidence at the suppression hearing to support a finding that defendant made his ultimate statement on constraint of the suppressed statement.
Except as indicated, the court properly imposed restitution for the damage to commercial property caused by the fire that defendant was convicted of setting (see generally People v Tzitzikalakis, 8 NY3d 217, 221 [2007]). However, the victim's out-of-pocket loss with regard to an air conditioning unit was incorrectly determined, and we reduce the restitution amount accordingly. We have considered and rejected defendant's remaining arguments regarding the restitution order.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023