People v Agurs (2026 NY Slip Op 00103)

People v Agurs

2026 NY Slip Op 00103

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rosado, Michael, Hagler, JJ. 

Ind. No. 2338/21|Appeal No. 5576|Case No. 2022-01624|

[*1]The People of the State of New York, Respondent,
vKaron Agurs, Appellant.

Twyla Carter, The Legal Aid Society, New York (Micaela Gelman of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas A. Farber, J.), rendered April 11, 2022, as amended April 20, 2022, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of five years, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses appellate review of his suppression claims (see People v Lewis, 49 AD3d 474, 474 [1st Dept 2008], lv denied 10 NY3d 932 [2008]).
As alternative holdings, we find that the court properly denied the suppression motion. Defendant's initial detention and arrest were plainly supported by reasonable suspicion and then probable cause (see People v Debour, 40 NY2d 210 [1976]).
The absence of Miranda warnings prior to defendant's statement admitting possession of a gun was not improper because given in non-custodial circumstances (see People v Bennett, 70 NY2d 891, 893-894 [1987]). In any event, admission of the statements would have constituted harmless error, as the officers' observation of the butt of a gun and a magazine provided the requisite reasonable suspicion necessary for the level 3 intrusion prior to eliciting the statement. Moreover, the search of defendant's backpack at the precinct comported with the parameters for a lawful inventory search (see People v Padilla, 21 NY3d 268, 272 [2013], cert denied 571 US 889 [2013]).
The valid waiver also precludes defendant's excessive sentence claim. In any event, we perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026