OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Police Sergeant Raymond and Police Officer Brabenic were on routine patrol during the early morning of July 23, 1981 when a motorist blew his horn, pulled up alongside the police car and yelled through the open window that some "dudes”— one dressed all in yellow — in a black car at 119th Street and Lenox Avenue had guns and were about to hold up a store. At the indicated location, the officers saw a black car in front of a building. Sergeant Raymond observed a black male wearing dark clothing near the car and patted him down. When he found nothing, he looked into the car, and saw no weapons or contraband. Moments later the two officers were joined by Officers Pirozzi and Corcoran, and the black car began to move backwards down 119th Street. The officers then heard the following radio report of an anonymous tip: "Men with guns, the detective was searching the wrong person, man in yellow walking away from car, about to commit a robbery.” The four officers converged on the car, ordered the occupants —including defendant, a passenger seated behind the driver— out of the car and patted them down. Nothing was recovered. Officer Pirozzi then entered the car, and recovered a gun under the driver’s seat. All four occupants were arrested. At the station house, defendant — who was dressed in "yellow”— stated that he had found the gun in a vacant lot, and had placed it under the seat. Defendant told the police officers to let his friends go because they had nothing to do with the gun. The three were released, the car was released to one of them (its owner), and defendant was charged with possession of the gun.
 

 Following a
 
 Mapp
 
 hearing, the suppression court upheld the
 
 *845
 
 police conduct, finding that while defendant’s standing was "questionable” the police had reasonable suspicion to support the forcible stop of the car and that the search was made incident to a lawful arrest. Upon a plea of guilty, defendant was convicted of attempted possession of a weapon in the third degree and the Appellate Division affirmed. Defendant now challenges the search, solely on Fourth Amendment grounds.
 

 As the People concede, the ground relied on by the suppression court for denial of defendant’s suppression motion— search incident to a lawful arrest — was erroneous because defendant was not arrested until after the search. Nevertheless, even assuming (without deciding) defendant’s standing to contest it, the search of the area under the driver’s seat did not violate the Fourth Amendment of the United States Constitution. The undisturbed finding of reasonable suspicion is supported by the record. The subsequent search of the area under the driver’s seat was permissible under Federal law because the search was limited to those areas in which a weapon could have been placed or hidden and because the officers, in these circumstances, "possess[ed] an articulable and objectively reasonable belief that the [occupants were] potentially dangerous” and might, upon reentering the car, gain immediate control of a weapon secreted in that area
 
 (Michigan v Long,
 
 463 US 1032, 1051). Defendant has made no claim that his rights under the State Constitution have been violated.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.