■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUSSELL J. HESTON, Respondent, and STEVEN TREVOR, Defendant.—Order unanimously reversed on the law, motion denied, and indictment reinstated. Memorandum: The court erred in granting defendant's motion to suppress tangible evidence (marihuana, cocaine and a billy club) on the ground that it was the product of an illegal stop and seizure of defendant and his passenger. The suppression court erroneously treated the officer's approach of defendant's vehicle as a "stop" that had to be supported by reasonable suspicion. The mere approach of an occupied parked car for inquiry is a minimal intrusion which is not the equivalent of a stop *(see, People v Harrison,* 57 NY2d 470, 475; *see also, People v Bennett,* 70 NY2d 891, 893). Approaching a citizen to request information is justified when the officer has an objective credible reason to do so, irrespective of whether the officer has

any indication of criminal activity *(People v De Bour,* 40 NY2d 210, 223). Here, the officer testified that he wanted to check the car, which was parked with its dome light on, to see if there was a problem or if its occupants were all right. He also stated that his suspicion was aroused because the area was frequently used for drinking and drug use. That is a sufficient basis to justify the approach and inquiry *(see, e.g., People v Harrison, supra,* at 475).

The officer's conduct was similarly justified at every subsequent stage of the confrontation. In response to the officer's inquiry, the driver stated that he did not have a driver's license, indicating a possible Vehicle and Traffic Law violation. The officer then observed a rolled dollar bill in plain view on the floor of the vehicle. He testified that his experience informed him that rolled bills were used to ingest cocaine. Such information and observation provided the officer with reasonable suspicion *(cf., People v Bennett, supra; People v Ingle,* 36 NY2d 413, 414-415, 420), and justified him in ordering the occupants out of the car *(see, Pennsylvania v Mimms,* 434 US 106). The officer's reasonable suspicion was buttressed by his observation that the passenger, before exiting the vehicle, concealed something in his pants. At that point, the officer's suspicion and concern for his own safety prompted him to ask the passenger what was in his pants. In response, the passenger pulled out a bag of marihuana and handed it to the officer.

At that juncture, the officer had probable cause to arrest the passenger for possession of marihuana. Before doing so, however, he observed and seized a plastic bag containing cocaine. Such seizure was supported by probable cause and, alternatively, is justified under the plain view doctrine or as a search incident to arrest *(New York v Belton,* 453 US 454; *People v Lindsay,* 72 NY2d 843, 845; *see, People v Landy,* 59 NY2d 369, 377; *People v Evans,* 43 NY2d 160, 166). The discovery of the cocaine gave the officer probable cause to arrest and question the suspects and to conduct the subsequent search of the car resulting in discovery of additional cocaine and a billy club. That subsequent search can also be upheld as a valid inventory search. (Appeal from order of Herkimer County Court, Bergin, J.—suppress evidence.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.