◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ENRIQUE MERCADO, Respondent.—Order affirmed and indictment dismissed. Memorandum: The People appeal from an order granting defendant's motion to suppress evidence seized from him after he exited a bus at the Buffalo bus terminal. The court found that the police had no basis to approach or stop defendant and that defendant did not consent because his actions "constituted a yielding to overbearing official pressures." Those findings are supported by the record *(see, People v Irizarry,* 168 AD2d 377, *lv granted* 77 NY2d 912; *Matter of Antoine W.,* 162 AD2d 121, *appeal dismissed* 76 NY2d 887) and are entitled to much weight because the hearing court had the advantage of observing and hearing the witnesses *(see, People v Prochilo,* 41 NY2d 759, 761).

All concur, except Denman, P. J., and Davis, J., who dissent and vote to reverse, in the following Memorandum.

Denman, P. J., and Davis, J. (dissenting). We respectfully dissent. In our view, the suppression court erred in granting defendant's motion to suppress tangible evidence and oral admissions on the ground that they were the product of an illegal stop and seizure of defendant. The suppression court erroneously treated the DEA agents' initial approach of defendant as an intrusion consistent with the common-law right to inquire which "is activated by a founded suspicion that criminal activity is afoot" *(People v De Bour,* 40 NY2d 210, 223). The mere approach by a police officer to request information from a person is justified when the officer has "some objective credible reason for that interference not necessarily indicative of criminality" *(People v De Bour, supra,* at 223; *People v*

*Edmund,* 169 AD2d 195, 201; *People v Heston,* 152 AD2d 999, 1000, *lv denied* 76 NY2d 858, 940). Moreover, behavior or events completely consistent with innocent activity may constitute an "objective credible reason" for the approach to request information *(People v Edmund, supra,* at 201; *People v Heston, supra,* at 1000), including behavior or circumstances that "satisfy several characteristics of a drug courier profile" *(People v Edmund, supra,* at 201; *see, United States v Sokolow,* 490 US 1).

Here, the DEA agents had general information that trains and buses were being used to transport cocaine and other drugs from New York City, "a source city", to Buffalo. Defendant arrived in Buffalo on an express bus from New York City. Defendant carried only a small cloth duffel bag. After exiting the bus, defendant appeared very nervous, looked apprehensively over his shoulders and quickly left the bus terminal. Those circumstances, as viewed by a law enforcement official knowledgeable in the surveillance of drug activities, provided an "objective credible reason" for approaching defendant to request information. The DEA agents' conduct was likewise proper at every later phase of the encounter *(see, People v Edmund, supra; People v Heston, supra).*

Finally, there is no evidence in the record to support the suppression court's conclusion that "[t]he facts demonstrate defendant's actions constituted a yielding to overbearing official pressures". The DEA agents' undisputed testimony, which the hearing court credited, revealed that, after the agents identified themselves and asked defendant some preliminary questions, they asked him "if he would let us look into his bag" but "made a point to tell him that he was not under arrest, he didn't have to allow us to look into the bag". Defendant consented. Inside the bag, the agents discovered a rolled up shirt that contained cocaine. Defendant thereafter produced additional cocaine from inside his pants pockets. Defendant did not testify at the suppression hearing and the suppression court specifically declined to credit the testimony of defendant's sole witness.

We conclude that, in those circumstances, defendant's statements to the DEA agents were voluntary, his consent to the search of his duffel bag was freely given, and his action in producing the additional cocaine hidden in his pants pockets was voluntary. Defendant's conduct was not the product of any improper or intimidating police action *(see, People v Gonzalez,* 39 NY2d 122, 128; *People v Kuhn,* 33 NY2d 203, 208-209). Further, when defendant consented to the search, he

was not handcuffed, nor was he in custody or under arrest, and he was advised of his right to refuse to consent. Under those circumstances, we conclude that as a matter of law, defendant's consent was voluntary and did not result from "a yielding of overbearing official pressure" *(People v Gonzalez, supra,* at 130). Accordingly, we would vote to reverse and deny defendant's suppression motion. (Appeal from Order of Supreme Court, Erie County, Forma, J.—Suppress Evidence.) Present—Denman, P. J., Doerr, Green, Lawton and Davis, JJ.