(March 5, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RITCHIE L. GABRIEL, Appellant. [669 NYS2d 706] —Crew III, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered March 24, 1997, upon a verdict convicting defendant of the traffic offense of failure to keep right.

As the result of a head-on collision between a vehicle operated by Jessie Mendelson and a vehicle operated by defendant on State Route 10 in the Town of Delhi, Delaware County, defendant was indicted and charged with manslaughter in the second degree, vehicular manslaughter in the second degree,

criminally negligent homicide, vehicular assault in the second degree (three counts), operating a motor vehicle while under the influence of alcohol and failure to keep right. Following a jury trial, defendant was convicted of failure to keep right and acquitted of all other charges. Defendant now appeals.

Defendant correctly asserts that it was the People's burden to prove that he was operating his vehicle in Mendelson's lane of travel and, additionally, that in so doing he was not passing pedestrians, animals or other obstructions in his lane of travel. Defendant contends that the People's evidence was legally insufficient in this regard. We disagree.

It is now well established that evidence is legally sufficient where there is any valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury and satisfy each element of the crime charged (see, People v Bleakley, 69 NY2d 490, 495). Here, there was evidence by an accident reconstruction expert that defendant indeed was operating his vehicle on the left half of the roadway at the time of the accident, which was sufficient to satisfy the People's burden of proving that defendant was in Mendelson's lane of travel. As to the People's burden of negating the various exceptions to Vehicle and Traffic Law § 1120 (a), which requires a vehicle to be driven on the right half of the roadway, we are persuaded that the People established beyond a reasonable doubt that none of the exceptions applied. Notably, although Vehicle and Traffic Law § 1120 (a) permits a vehicle to be operated on the left half of the roadway for the purpose of, among other things, passing vehicles, pedestrians, animals or obstructions in the roadway, when asked to give his version of the accident defendant simply stated that the Mendelson vehicle "came at him in his lane [of travel]". Defendant having failed to explain that he swerved to avoid a pedestrian, animal or other obstruction in the road, the jury was free to infer that no such obstruction existed and, hence, the exceptions were inapplicable.

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Delaware County for further proceedings pursuant to CPL 460.50 (5).