See also 409 F.Supp.2d 511.

**UNITED STATES of America,
Appellee,**

v.

**Grant TOUZEL, Defendant–Appellant.**

No. 06–4363–cr.

United States Court of Appeals,
Second Circuit.

June 12, 2008.

**38**

Paul S. Volk, Blodgett, Watts, Volk & Sawyer, P.C., Burlington, VT, for Defendant–Appellant.

Paul J. Van De Graaf (Gregory L. Waples, of counsel) Assistant United States Attorneys for Thomas D. Anderson, United States Attorney for the District of Vermont, Burlington, VT, for Appellee.

Present: Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. ERIC N. VITALIANO, District Judge.*

## SUMMARY ORDER

The defendant-appellant Grant Touzel appeals from a judgment of conviction entered September 15, 2006 following a plea of guilty to one count of conspiracy to manufacture more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. We assume the parties' familiarity with the facts, procedural history and specification of issues on appeal.

■ Touzel first challenges the district court's denial of his motion to suppress certain physical evidence seized from him and statements he made after a police officer stopped his van at the scene of a traffic accident to direct him to take an alternative route. The denial of the motion to suppress is affirmed substantially for the reasons stated by the district court in its detailed and thoughtful opinion. *See United States v. Touzel,* 409 F.Supp.2d 511, 518–22 (D.Vt.2006). We find no error with the district court's conclusion that the initial stop and inquiry into Touzel's route were justified in the severe weather conditions then obtaining as part of the officer's community caretaking function and that Touzel's answers to these initial questions justified further inquiry which ripened into a reasonable suspicion of cross-border criminal activity. Nor do we find any error in the district court's conclusion that the officer's subsequent search of the van fell within the scope of Touzel's consent.

■ Next Touzel challenges the district court's denial of his application for "safety-valve" relief under 18 U.S.C. § 3553(f). The safety-valve provision of § 3553(f) allows a district court to impose a sentence below the statutory minimum for a drug offense if the defendant meets certain criteria, including having "truthfully provided to the Government all information and evidence the defendant has concerning the offense." 18 U.S.C. § 3553(f)(5). The burden lies on the defendant to prove by a preponderance of the evidence that his proffer was complete and truthful. *United States v. Jimenez,* 451 F.3d 97, 102 (2d Cir.2006) (per curiam). We review a sentencing court's factual findings for clear error and its interpretation of the safety-valve provision *de novo. United States v. Ortiz,* 136 F.3d 882, 883 (2d Cir.1997) (per curiam). We need not address Touzel's argument that once he comes forward with a plausible version of events in his proffer, the burden should shift to the government to present evidence that his proffer was untrue or incomplete, because the district court found that, "under any conceivable standard of proof," Touzel's proffer was "inherently not credible." We find no clear error in the district court's determination that Touzel's story was neither credible nor complete.

We have considered Touzel's remaining arguments and find them to be without

---

* The Honorable Eric N. Vitaliano, of the United States District Court for the Eastern District of New York, sitting by designation.

merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.