OPINION OF THE COURT
Memorandum.
Ordered that the judgments of conviction are affirmed.
On October 5, 2008, Police Officer John Lombardo of New York City’s Department of Environmental Protection (DEP) police force was traveling in the northbound direction on Broadway (Route 141) in the Town of Mount Pleasant, New York, in a marked police vehicle, when he observed defendant’s automobile, which was moving in the southbound direction on Broadway near Lake Street (also known as Bear Ridge Road), cross over double yellow lines separating the traffic lanes and nearly strike Officer Lombardo’s police vehicle, requiring that the officer take evasive action to avoid a collision. Officer Lombardo reversed his direction, activated his lights and siren, and pursued defendant for 30-45 seconds in the southbound lane until defendant stopped his vehicle near the intersection with Claremont Avenue. Upon approaching defendant, the Officer detected “a strong odor of alcoholic beverage on the defendant’s breath.” When defendant admitted having consumed alcohol and failed two roadside sobriety tests, Officer Lombardo arrested defendant for common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), failing to use a designated lane (Vehicle and Traffic Law § 1128 [c]) and failing to use a seat belt (Vehicle and Traffic Law § 1229-c [3-a]). After a chemi *12 cal test revealed that his blood alcohol content was .23 percentum by weight, defendant was also charged with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]).
Following a Pringle hearing (Pringle v Wolfe, 88 NY2d 426 [1996]), the Justice Court ruled that the stop of defendant’s vehicle was proper on the basis of defendant’s “erratic driving.” Defendant then moved to dismiss the accusatory instruments on the ground that Officer Lombardo had been outside his area of geographical jurisdiction when he had stopped defendant’s automobile for traffic infractions, and moved to suppress his arrest scene statements, field sobriety test results, and the blood alcohol test as the fruits of an illegal stop and arrest. In an order dated April 10, 2009, the Justice Court, in effect deeming the facts developed at the Pringle hearing to constitute the basis of its review of the motion to dismiss and the motion to suppress evidence, ruled that the hearing evidence was insufficient to establish that defendant’s vehicle was properly stopped upon reasonable suspicion that he was committing the crimes of reckless driving and driving while intoxicated, granted the branches of defendant’s motion seeking to dismiss, on jurisdictional grounds, the accusatory instruments charging defendant with failure to use a designated lane and failure to use a seat belt, but denied the branches of defendant’s motion seeking to dismiss the accusatory instruments charging defendant with the misdemeanors of driving while intoxicated per se and common-law driving while intoxicated, and to suppress evidence. Defendant then pleaded guilty to the misdemeanors, reserving his right to seek appellate review of so much of the order as denied his motions. For the reasons that follow, the judgments of conviction are affirmed.
Police officers employed by the DEP are vested with “jurisdiction over areas outside of the City” (People v Van Buren, 4 NY3d 640, 645 [2005]) “to protect the sources, works, and transmission of water supplied to the city of New York, and to protect persons on or in the vicinity of such water sources, works, and transmission” (CPL 1.20 [34] [o]). All police officers have statewide jurisdiction with respect to crimes “whether or not such crime was committed within the geographical area of such police officer’s employment” (CPL 140.10 [3]). We need not determine whether Officer Lombardo was within, or in the “vicinity” of, the watershed boundary or any New York City structure or easement property in relation to New York City’s water supply when he stopped defendant, at a location about *13 1,000 yards from the easement boundary (cf. CPL 1.20 [34] [o]; People v Van Buren, 4 NY3d at 648), and thus, within his geographical jurisdiction, because, as the Justice Court determined in a separate order delivered from the bench immediately following the April 10, 2009 Pringle hearing, the officer properly stopped defendant for erratic driving.
Stops based on considerations of public safety are warranted even where an “actual violation of the Vehicle and Traffic Law [is] not . . . detectable” (People v Ingle, 36 NY2d 413, 420 [1975]; see Saarinen v Kerr, 84 NY2d 494, 502-503 [1994]; People v Ellis, 169 AD2d 838, 839 [1991]; People v Bici, 32 Misc 3d 136[A], 2011 NY Slip Op 51474[U] [App Term, 2d, 11th & 13th Jud Dists 2011]). Although the propriety of the stop in this case was not predicated on any particular level of substantive offense being committed, by virtue of the officer’s statewide jurisdiction (CPL 140.10 [3]), the stop for erratic driving was proper even if an “actual violation of [a criminal statute was] not . . . detectable” (People v Ingle, 36 NY2d at 420), and without regard to the particulars of the geographical jurisdiction of the officer’s employment as defined by CPL 1.20 (34) (o) and CPL 140.10 (2) (a).
Accordingly, the judgments of conviction are affirmed.
Nicolai, PJ., LaCava and Iannacci, JJ., concur.