OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, on the law, defendant’s motion to suppress statements and physical evidence is denied, and the matter is remitted to the Justice Court for all further proceedings.
Following his arrest for driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]) and failing to keep right (Vehicle and Traffic Law § 1120 [a]), defendant moved to suppress incriminating statements and the results of a chemical test of his blood alcohol content. At a probable cause hearing, the arresting officer testified that he had observed defendant’s vehicle swerve across double yellow lines and into the oncoming lane of traffic before swerving back into his own lane of travel, and that he had stopped defendant’s vehicle out of concern for the safety of defendant and of oncoming vehicles. Defendant’s sole arguments for suppression were that crossing double yellow lines is not necessarily unlawful and that the People failed to disprove the purported “exceptions” to Vehicle and Traffic Law § 1120 (a), a violation of which was the basis for the stop of defendant’s vehicle. The Justice Court granted the motion on the latter ground, having impliedly credited the arresting officer’s testimony that defendant had, in fact, swerved across the double yellow lines. The People appeal and we reverse.
We initially note that “[s]tops based on considerations of public safety are warranted even where an ‘actual violation of the Vehicle and Traffic Law [is] not . . . detectable’ ” (People v Mahncke, 34 Misc 3d 10, 13 [App Term, 2d Dept, 9th & 10th Jud Dists 2011], quoting People v Ingle, 36 NY2d 413, 420 [1975]). Consequently, on this ground alone the People established probable cause for the stop.
*26 In any event, we reject defendant’s contention that the exclusions contained in Vehicle and Traffic Law § 1120 (a) are exceptions which the People must disprove (People v Sylla, 7 Misc 3d 8, 12 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). Courts have
“generally held that when a statute contains as part of its enacting clause an exception to the effect that under certain circumstances the offense is not to be considered as having been committed, that constitutes a true exception which must be negated by the prosecution. However, if the exception is enacted later in the statute or in a subsequent statute, it is a proviso which the People need neither plead nor prove the negative of in order to make out a prima facie case” (People v Sylla, 7 Misc 3d at 12; see also People v Kohut, 30 NY2d 183, 186 [1972]).
Nevertheless, the proviso/exception distinction “should not be so mechanically applied that substance yields to form and that the burden of pleading and proof is determined solely by the accidental position in which the clauses of the statute are drafted” (People v Sylla, 7 Misc 3d at 12; see McKinney’s Cons Laws of NY, Book 1, Statutes § 211, Comment, at 369 [“(T)here are many cases in which this distinction is wholly disregarded and the words used as if they were of the same significance, and the distinction between a proviso and an exception will be wholly disregarded, if necessary to give effect to the manifest intention of the Legislature”]). Moreover, the fact that a statute’s qualifying provisions are “introduced by ‘except’ is not determinative” (People v Davis, 13 NY3d 17, 31 [2009]).
While early cases indicated that Vehicle and Traffic Law § 1120 (a) is a statute containing exceptions (see People v Brol, 89 AD2d 813 [1982], citing People v Bailey, 60 Misc 2d 283 [Fulton County Ct 1969]), recent cases have emphasized that legislative intent is the primary factor in determining whether exclusions in a statute should be considered “exceptions” or “provisos.” We find, in this case, that “the Legislature could not reasonably have intended the People to negate the existence of each of the myriad [exclusions]” (People v Davis, 13 NY3d at 31) contained in Vehicle and Traffic Law § 1120 (a), and that the exclusions at issue herein should be considered provisos which the People need not disprove in a pleading or at trial. Indeed, in People v Gabriel (248 AD2d 741, 742 [1998]), the court stated:
“Here, there was evidence . . . that defendant . . . operat[ed] his vehicle on the left half of the roadway *27 at the time of the accident, which was sufficient to satisfy the People’s burden of proving that defendant was in [the victim’s] lane of travel. As to the People’s burden of negating the various exceptions to Vehicle and Traffic Law § 1120 (a), which requires a vehicle to be driven on the right half of the roadway ... [as defendant] failed to explain that he swerved to avoid a pedestrian, animal or other obstruction in the road, the jury was free to infer that no such obstruction existed and, hence, the exceptions were inapplicable” (see 8A NY Jur 2d, Automobiles and Other Vehicles § 748).
Although defendant, for the first time on appeal, insists that the officer lacked probable cause to suspect a violation of section 1120 (a), as this argument was not raised at the suppression hearing, it is an alternate ground for affirmance which we may not consider.
Accordingly, the order is reversed, defendant’s motion to suppress evidence is denied, and the matter is remitted to the Justice Court for all further proceedings.
Nicolai, RJ., LaCava and Iannacci, JJ., concur.