The People of the State of New York, Respondent, 
against
Anthony M. Abraham, Appellant. 

Anthony M. Abraham, appellant pro se.
Carmel Town Prosecutor (Joseph A. Charbonneau, of counsel), for respondent.

Appeal from a judgment of conviction of the Justice Court of the Town of Carmel, Putnam County (Joseph J. Spofford, Jr., J.), dated October 9, 2018. The judgment convicted defendant, after a nonjury trial, of failing to keep right, and imposed sentence. The appeal brings up for review an order of that court dated October 9, 2018 denying defendant's motion to dismiss the accusatory instrument or, in the alternative, to compel discovery.
ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with failing to keep right (Vehicle and Traffic Law § 1120 [a]). He served the People with a demand for discovery that included, among other things, a demand for information concerning the type, characteristics and intensity of the headlights on the Putnam County Sheriff's Department patrol vehicle driven by the deputy who had pulled him over and charged him with this traffic infraction. Defendant claimed that he had failed to keep right only because he had been blinded by the "dazzlingly" bright light of the deputy's patrol vehicle. The People declined to turn over any discovery concerning the headlights, and defendant moved to dismiss the simplified traffic information or, in the alternative, to compel discovery. The court reserved decision on the motion.
At a nonjury trial, a deputy with the Putnam County Sheriff's Department testified that he had been on patrol when he had observed defendant cross over double yellow lines into a lane for oncoming traffic, which had caused the deputy to swerve his patrol vehicle to his right, as a preemptive measure to avoid the possibility of a collision. Defendant quickly corrected his vehicle, returned to the proper lane and continued down the street, until the deputy effected a car stop. Defendant told the deputy that he had swerved across the double yellow lines because he [*2]had been blinded by the too-bright headlights of the patrol vehicle. The deputy testified further that, during the car stop, he had noticed that the inspection sticker affixed to the front windshield of defendant's vehicle had expired during the previous month. A recording of the incident made by the patrol vehicle's camera system was admitted into evidence. It largely confirmed the deputy's testimony.
Defendant, who testified in his own defense, acknowledged crossing the yellow double line into a lane meant for opposing traffic. However, he explained that this had occurred only because he had been "completely blinded" by the "dazzlingly" bright headlights of the deputy's patrol vehicle. Defendant characterized the patrol vehicle's headlights as an "obstruction," pursuant to Vehicle and Traffic Law § 1120 (a) (3), that excused his momentary lapse.
Following the trial, the court, in a written order and verdict dated October 9, 2018, denied defendant's motion to dismiss the simplified traffic information or, in the alternative, to compel discovery, convicted defendant of the charge, and imposed sentence.
The Justice Court did not err in refusing to both compel the People's compliance with defendant's discovery demand and dismiss the simplified traffic informations as a remedy for the People's noncompliance, as "defendant was not entitled to discovery because []he was prosecuted on a simplified traffic information charging h[im] with a mere traffic infraction" (People v Scott, 10 Misc 3d 137[A], 2005 NY Slip Op 52138[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).
Defendant's assertion on appeal that his conviction should be reversed because the People failed to affirmatively disprove his contention that the deputy's headlights constituted an obstruction that had blinded him and had caused him to drive over the double yellow lines, is both legally and factually inaccurate. Although entitled "exceptions," the exclusions contained in Vehicle and Traffic Law § 1120 (a), including subsection (a) (3), upon which defendant relied at trial, actually are "provisos which the People need not disprove in a pleading or at trial" (People v Gill, 37 Misc 3d 24, 26 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Moreover, video recorded from the deputy's patrol car within 30 seconds of the incident showed that its headlights had not been particularly bright. Defendant's claim also is contradicted by his own testimonial admission to having driven his vehicle across the double yellow lines toward the deputy's patrol car. If the patrol car's headlights were as blindingly bright as defendant claims, he would, most likely, have attempted to steer away from the glare, and not closer to the source. Consequently, defendant failed to prove his affirmative defense by a preponderance of the evidence (see Penal Law § 25.00 [2]; People v Morales, 225 AD2d 564 [1996]).
Therefore, defendant's conviction stands upon legally sufficient evidence, as the deputy's credible testimony, supported by the video recording from the patrol vehicle, created a " 'valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder' " (People v Dubarry, 25 NY3d 161, 178 [2015], quoting People v Hines, 97 NY2d 56, 62 [2001]), i.e., that defendant did fail to keep right while driving. Defendant's conviction also was not against the weight of the evidence.
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 18, 2020