People v Graham (2020 NY Slip Op 51484(U))

[*1]

People v Graham (Christopher)

2020 NY Slip Op 51484(U) [70 Misc 3d 126(A)]

Decided on December 3, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 3, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, TERRY JANE
RUDERMAN, JJ

2019-854 D CR

The People of the State of New York,
Appellant,
against
Christopher Graham, Respondent. 

Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for appellant.
Michael S. Pollok, for respondent.

Appeal from an order of the Justice Court of the Town of Red Hook, Dutchess County
(Jonah Triebwasser, J.), dated April 25, 2019. The order granted, after a hearing, the Dunaway
branch of defendant's motion seeking suppression of all observational, physical and statement
evidence on the ground that he was seized unlawfully, and dismissed the accusatory instruments
charging him with, respectively, driving while intoxicated (per se) and driving while intoxicated
(common law).

ORDERED that the order is reversed, on the law, the branch of defendant's motion seeking
suppression on the ground that he was seized unlawfully is denied, the accusatory instruments are
reinstated, and the matter is remitted to the Justice Court for a determination of the remaining
branches of defendant's suppression motion and any further proceedings.
Defendant was charged in two simplified traffic informations with, respectively, driving
while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while
intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]). A
Dunaway/Huntley hearing was held in which the arresting deputy was the sole
witness. He testified that he was on patrol in the early morning hours of May 6, 2018 when, at
approximately 2:13 a.m., he saw a vehicle parked on the side of the road "with its four way or its
hazard lights on." The deputy radioed to his station that he was investigating a "suspicious
vehicle," turned on his turret lights and parked his patrol car behind the vehicle. He saw
defendant, who was alone, standing and urinating beside the vehicle. Defendant had "the odor of
an alcoholic beverage emanating from his mouth[ and] watery bloodshot eyes." In response to the
deputy's query, defendant stated that he had drunk two alcoholic beverages and was [*2]driving to his home in Massachusetts. Defendant failed each of
three field sobriety tests and consented to a preliminary breath test that returned a positive result
for the presence of alcohol. Thereafter, defendant was arrested and charged with driving while
intoxicated (per se) and driving while intoxicated (common law).
Following the hearing, the Justice Court granted the branch of defendant's motion seeking
suppression of all observational, physical and statement evidence. The court explained that the
deputy's approach of the vehicle was unconstitutional as his subjective reason for doing
so—that it was "suspicious"—was contradicted by his acknowledgment that, in fact,
the vehicle had been parked properly and lawfully, and the deputy had observed no other
illegality. Therefore, the court concluded, the evidence was suppressible as the poisoned fruit of
the deputy's unlawful approach and seizure of defendant. The court declined to address
defendant's alternate suppression arguments. The People appeal, and we reverse.
"[S]tops based on considerations of public safety are warranted even where an actual
violation of the Vehicle and Traffic Law [is] not . . . detectable" (People v Gill, 37 Misc 3d 24, 25
[App Term, 2d Dept, 9th & 10th Jud Dists 2012] [internal quotation marks omitted]; see
People v Ingle, 36 NY2d 413, 420 [1975]; People v Mahncke, 34 Misc 3d 10, 13 [App Term, 2d Dept, 9th
& 10th Jud Dists 2011] [same]). Similar to the scenario in People v Heston (152
AD2d 999 [1989]), in which the officer approached a "car, which was parked with its dome light
on, to see if there was a problem or if its occupants were all right" (id. at 1000), the
deputy's observations in the instant case of defendant's vehicle parked on the shoulder of the road
with its hazard lights blinking at 2:13 in the morning was "a sufficient basis to justify the
approach and inquiry" (id.; see People v Jaime, 171 AD2d 884, 884-885 [1991]
[because the officer "observed steam coming from the radiator" of a parked car, he "was clearly
justified in approaching the car to see if the defendant needed assistance"]). That the deputy
acknowledged in his testimony that he approached defendant initially because his parked vehicle
was "suspicious" does not affect the analysis because the issue is whether his actions were
objectively reasonable (Heston, 152 AD2d at 999-1000 ["Approaching a citizen
to request information is justified when the officer has an objective credible reason to do so,
irrespective of whether the officer has any indication of criminal activity"], citing People v De
Bour, 40 NY2d 210, 223 [1976]).
In view of the foregoing, the deputy was authorized to approach defendant's vehicle in this
case, and the Dunaway branch of defendant's suppression motion should have been
denied. As the Justice Court did not address the other branches of defendant's suppression
motion, we decline to pass upon them in the first instance.
Accordingly, the order is reversed, the Dunaway branch of defendant's suppression
motion is denied, the accusatory instruments are reinstated, and the matter is remitted to the
Justice Court for a determination of the remaining branches of defendant's suppression motion
and any further proceedings.
ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 3, 2020