People v Brown (2023 NY Slip Op 50645(U))

[*1]

People v Brown (Jason)

2023 NY Slip Op 50645(U) [79 Misc 3d 127(A)]

Decided on June 30, 2023

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 30, 2023
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

570054/19

The People of the State of New
York, Respondent, 
against
Jason Brown,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Cori H. Weston, J., at initial suppression motion and hearing; Linda
Poust Lopez, J., at further motion, suppression hearing, plea and sentence), rendered
October 24, 2018, convicting him, upon his plea of guilty, of disorderly conduct, and
imposing sentence.

Per Curiam.
Judgment of conviction (Cori H. Weston, J., at initial suppression motion and
hearing; Linda Poust Lopez, J., at further motion, suppression hearing, plea and
sentence), rendered October 24, 2018, affirmed.
The courts at the suppression hearings properly denied defendant's suppression
motion. There is no basis for disturbing the courts' credibility determinations, which are
supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The
unrebutted police testimony, which was credited by both courts, established that police
observed defendant's vehicle traveling at approximately 25 miles per hour when the
passenger door suddenly "sw[u]ng" open "while the vehicle was still in motion;" that
"the vehicle continue[d] traveling" until eventually the door was closed; and that the
officers stopped the vehicle to ensure that the female seated in the passenger seat was
safe and did not need aid. In these circumstances, the stop of the vehicle was justified
based on considerations of public safety, even where an "actual violation of the Vehicle
and Traffic Law [is] not ... detectable" (People v Ingle, 36 NY2d 413, 420
[1975]), and this safety concern outweighs the interference of defendant's liberty (see
People v Holstein, 154 AD2d 905 [1989], lv denied 74 NY2d 905 [1989]; People v Graham, 70 Misc 3d
126[A], 2020 NY Slip Op 51484[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2020); United States v Touzel, 409 F Supp 2d 511 [D Vt 2006], affd 281
Fed Appx 37 [2d Cir 2008]). The determinations of the hearing courts, which actually
saw and heard the witness testify, are entitled to deference, and it is not our practice to
substitute our own fact-findings for those under review unless the latter are plainly
unjustified or clearly erroneous (see People v Martin, 112 AD3d 453, 454 [2013]).
Defendant's contention that the arresting officer's testimony at the reopened
suppression hearing was unworthy of belief is unpreserved for appellate review, since he
did not raise this argument at the suppression hearing (see CPL 470.05 [2]; People v Britton, 113 AD3d
1101, [*2]1102 [2014], lv denied 22 NY3d
1154 [2014]). We decline to review this claim in the interest of justice. As an alternative
holding, we reject it on the merits. Since we do not find the officer's testimony to be
manifestly untrue, contrary to common experience, self-contradictory, or tailored, we
decline to disturb the court's conclusion affirming the finding of the initial hearing court
that the testimony was credible (see People v Garland, 155 AD3d 527, 529 [2017],
affd 32 NY3d 1094 [2018], cert denied — US —, 140 S Ct
2525 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concur I concur
Decision Date: June 30, 2023