OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered April 12, 2002, modified, on the law, to vacate defendant’s conviction of attempted unlawful imprisonment in the second degree and to dismiss the count of the accusatory instrument relating thereto and, as modified, affirmed.
The defendant’s contention that the evidence was legally insufficient to prove his identity as the perpetrator is unpreserved for appellate review (see People v Gray, 86 NY2d 10 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The complainant had ample opportunity to observe defendant, and she made a prompt and reliable identification. We also find that the verdict was not against the weight of the evidence.
We modify only to the extent of vacating defendant’s conviction of attempted unlawful imprisonment in the second degree (see Penal Law §§ 110.00, 135.05). To meet the jurisdictional requisite to prosecute defendant for that offense, the People were obliged to set forth a prima facie case that defendant engaged in conduct which tended to “restrain” the complainant, viz., that defendant attempted to “restrict [the complainant’s] movements intentionally and unlawfully in such manner as to interfere substantially with [her] liberty by moving [her] from one place to another, or by confining [her] either in the place where the restriction commence[d] or in a place to which [she] has been moved” (Penal Law § 135.00 [1]). The allegations in the underlying information, that defendant “did grab [the complainant] forcefully by the arm,” without any indication of the temporal length of the incident or the effects of the touching in terms of the complainant’s confinement or asportation, were insufficient to meet the People’s pleading burden. To hold otherwise would eviscerate the definitional components of the restraint element of the unlawful imprisonment statute and lead to the untenable result of criminalizing under the statute any and all “forceful” grabbing.
Defendant’s remaining arguments are either unpreserved for our review or have been rendered academic by our decision.
McKeon, PJ., Davis and Heitler, JJ., concur.