*642 OPINION OF THE COURT
Donna-Marie Golia, J.
The defendant was charged with unlawful imprisonment in the second degree in violation of Penal Law § 135.05; petit larceny in violation of Penal Law § 155.25; criminal possession of stolen property in the fifth degree in violation of Penal Law § 165.40; aggravated harassment in the second degree in violation of Penal Law § 240.30 (1) (a), (b) and (2), each a class A misdemeanor; and harassment in the second degree in violation of Penal Law § 240.26 (1), a violation. The defendant moved, inter alia, to dismiss the information on grounds of facial insufficiency pursuant to Criminal Procedure Law §§ 100.15 (3) and 100.40.
By decision and order dated June 16, 2014, the court granted the defendant’s motion to dismiss the count of unlawful imprisonment in the second degree and all three counts of aggravated harassment in the second degree, but denied the defendant’s motion to dismiss the remainder of the information. This memorandum decision memorializes and further explains the basis for the court’s June 16, 2014 order.
A facially sufficient local criminal court information, when read together with any supporting depositions, must provide reasonable cause to believe the defendant committed the offense charged, supported by nonhearsay factual allegations of an evidentiary character which, if true, establish every element of the offense charged and defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1]; see People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]). This requirement, unique to informations among accusatory instruments under the Criminal Procedure Law, serves a function analogous to that of the grand jury, requiring the People to lay bare their prima facie case before trial (see Alejandro at 138). Reasonable cause to believe that the defendant committed the charged offense exists when “evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it” (CPL 70.10 [2]).
Though the requirement of nonhearsay allegations is a “much more demanding standard” than reasonable cause alone, it is nonetheless a much lower threshold than proof beyond a reasonable doubt (Alejandro at 139 [internal quotation marks omit *643 ted]; see also People v Henderson, 92 NY2d 677 [1999]; People v Allen, 92 NY2d 378, 385 [1998] [“although the factual allegations in the accusatory instruments could be described as ‘bare boned’ . . . (a)t the pleading stage, nothing more is required”]). Where the factual allegations contained in an information “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]). Ultimately, “a reviewing court must consider whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury” (People v Dreyden, 28 Misc 3d 5, 7 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]).
A facially insufficient accusatory instrument is a fatal, nonwaivable jurisdictional defect, mandating dismissal of the proceeding against the defendant (see People v Casey). However, where the defect is “readily curable,” the proper remedy is. not dismissal, but amendment or supplementation with a valid supporting deposition, provided the People have not exceeded the time allotted under CPL 30.30 (id. at 361; see CPL 170.35 [1] [a]; People v Cobb, 2 Misc 3d 237 [Crim Ct, Queens County 2003] [dismissal improper where People still had time remaining to cure hearsay pleading defects]; People v Ebramha, 157 Misc 2d 217 [Crim Ct, NY County 1992]).
The complaint alleges, in pertinent part, that on or about January 11, 2014 between 8:00 p.m. and 8:10 p.m., inside of 35-21 32nd Street, 168-10 Goethals Avenue, in Queens County, the defendant pushed and shoved the complainant, his wife, during a verbal dispute, causing pain to her torso and preventing her from leaving the apartment. The defendant then took the complainant’s cell phone and left. He proceeded to call the complainant and tell her that “she better leave the apartment because he [was] going to send someone to trash it.” The cell phone was eventually recovered from the defendant by the deponent, Detective Joseph Marotta. Finally, the complaint alleges that the complainant is the legal custodian of the cell phone, the defendant did not have permission to remove, take, possess or exercise control over the cell phone, and that the defendant’s actions caused the complainant annoyance and alarm.
In her supporting deposition, executed January 28, 2014, the complainant corroborates the information in the complaint. Moreover, she states that the defendant also took her wedding *644 ring, handed down to her by her mother, and house keys. Finally, the supporting deposition states that the defendant called the complainant to tell her that he had given her wedding ring to a homeless person.
1. Unlawful Imprisonment in the Second Degree
Pursuant to Penal Law § 135.05, a person is guilty of unlawful imprisonment in the second degree when “he restrains another person.” A person restrains another when he
“restrict[s] a person’s movements intentionally and unlawfully in such manner as to interfere substantially with his liberty by moving him from one place to another, or by confining [her] either in the place where the restriction commences or in a place to which [s]he has been moved, without consent and with knowledge that the restriction is unlawful” (Penal Law § 135.00 [1]).
Movement or confinement that is “accomplished by . . . physical force, intimidation, or deception” is inherently non-consensual (Penal Law § 135.00 [1] [a]). A restriction on movement exists “whenever the lawful movement of a person ... is hindered” (People v Leonard, 19 NY3d 323, 327 [2012]), but the defendant’s conscious object must be to restrain the victim (compare Matter of Rashaun S., 46 AD3d 412 [1st Dept 2007] [two youths restrained victim by holding his legs while he tried to crawl away], with Matter of Terry J.P., 106 AD3d 1092, 1094 [2d Dept 2013] [defendant did not restrain victim by grabbing her waist where he released her upon request]).
The defendant contends that the complaint fails to allege any acts by which the defendant restrained the complainant or interfered with her liberty. The People respond that, viewed in the light most favorable to the People, the defendant “could have” restricted the complainant’s movement when he “pushed and shoved” her, such that this allegation is sufficient to meet their pleading burden. This argument is unpersuasive. Although at the pleading stage, the People are entitled to all reasonable inferences from the facts alleged, the complaint is silent as to any restraint or forcible movement of the complainant, instead alleging only that the defendant’s push and shove “prevented] her from leaving the apartment.” This conclusory allegation, absent some statement of what movements the complainant attempted to make or how the defendant prevented them, is insufficient to establish the element of restraint (see People v Parkman, 20 Misc 3d 52 [App Term, 1st Dept 2008] [allegation that *645 defendant “grab(bed) the complainant forcefully by the arm” insufficient to plead restraint element, absent specifics of how complainant’s movements were restricted (internal quotation marks omitted)]). Moreover, the complaint alleges that after pushing and shoving the complainant, the defendant in fact left the apartment and called the complainant, directing her to leave. His departure and subsequent call negate any possible inference that the defendant’s intent was to restrain the complainant’s movement. Accordingly, that branch of the defendant’s motion seeking to dismiss the count of unlawful imprisonment in the second degree was granted.
2. Petit Larceny
Pursuant to Penal Law §§ 155.05 and 155.25, a person is guilty of petit larceny “when he steals property,” that is, “he wrongfully takes, obtains or withholds such property from an owner thereof’ with the “intent to deprive another of property or to appropriate the same to himself or to a third person.” The defendant first argues that the complaint fails to allege that the defendant intended to permanently deprive the complainant of her cell phone, since he later returned with it.
Although the specific intent required by the statute is not satisfied by a temporary taking and use (see People v Blacknall, 63 NY2d 912 [1984]), larcenous intent “must usually be inferred from the circumstances surrounding the defendant’s actions” (People v Russell, 41 AD3d 1094, 1096 [3d Dept 2007]). Thus, at the pleading stage, drawing all permissible inferences in the People’s favor, the defendant’s intent to deprive the complainant of her cell phone can be inferred from his removal of the cell phone from the apartment. Accordingly, that branch of the defendant’s argument seeking dismissal of the count of petit larceny based upon this argument was denied.
In the alternative, the defendant maintains that the cell phone was obtained during the marriage, and would, in the event of a divorce action, be considered marital property jointly owned by the complainant and defendant, such that a charge of larceny is a logical impossibility (see Domestic Relations Law § 236 [B] [1] [c]; People v Person, 239 AD2d 612, 613 [2d Dept 1997] [defendant’s convictions for criminal mischief in the fourth degree and petit larceny reversed where the People failed to prove at trial that the property was owned by someone other than defendant]). This application of the Domestic Relations Law to the instant criminal case is misplaced. Although “a joint *646 or common owner of property shall not be deemed to have a right of possession thereto superior to that of any other joint or common owner thereof’ (Penal Law § 155.00 [5]), this “definitional defense” is contained in a separate statutory section from the offense itself, and is therefore a proviso to be raised at trial, rather than an exception that must be pleaded by the People and proved on their case-in-chief (see People v Kheyfets, 174 Misc 2d 516, 518-519 [Sup Ct, Kings County 1997]; People v Gill, 37 Misc 3d 24 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
For purposes of the larceny statute, “ownership is not limited to the title owner of the property . . . [r]ather, it is enough that the person have a right to possession of the property superior to that of the thief” (People v Wilson, 93 NY2d 222, 225 [1999] [emphasis added]). Accordingly, for pleading purposes, the People need not negate the possibility that the defendant holds some equitable ownership interest in the stolen property. Rather, it is enough that the complaint allege facts establishing that the phone was “hers” (the complainant’s), and that the defendant had no permission or authority to take or possess it. Since the complaint alleges facts sufficient to establish that the complainant had a superior possessory interest in the property the branch of the defendant’s motion seeking to dismiss the count of petit larceny was denied.
3. Criminal Possession of Stolen Property in the Fifth Degree
Pursuant to Penal Law § 165.40, a person is guilty of criminal possession of stolen property in the fifth degree “when he knowingly possesses stolen property with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof.” The defendant argues that the complaint fails to adequately allege that the defendant intended to deprive the complainant of her cell phone or impede its recovery. However, a person who knowingly possesses stolen property is presumed to possess the requisite criminal intent (Penal Law § 165.55). The allegation in the complaint that the defendant knowingly stole the cell phone gives rise to the rebut-table presumption that he intended to impede the complainant’s recovery of her cell phone. This presumption is sufficient to establish this element of the People’s prima facie case for pleading purposes (see generally People v Verez, 83 NY2d 921, 924 [1994] [whether rebuttal evidence is sufficient to overcome presumption “is a matter for the fact finder”]). Accordingly that branch *647 of the defendant’s motion seeking to dismiss the count of criminal possession of stolen property in the fifth degree was denied.
4. Aggravated Harassment in the Second Degree
The People concede that the counts of aggravated harassment in the second degree in violation of Penal Law § 240.30 (1) (a) and (b) must be dismissed in light of the Court of Appeals’ holding in People v Golb (23 NY3d 455 [May 13, 2014]). Accordingly, that branch of the defendant’s motion seeking dismissal of these two counts was granted.
The defendant also moves to dismiss the count of aggravated harassment in the second degree in violation of Penal Law § 240.30 (2). Pursuant to this section, a person is guilty of aggravated harassment in the second degree “when, with intent to harass, annoy, threaten or alarm another person, he . . . [m]akes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication.” The defendant argues that the complaint fails to allege the context of the communication, whether anything else was said between the defendant and the complainant, or even the specific threat allegedly made by the defendant, rather than the “sum and substance.” The People do not address this branch of the defendant’s motion.
The Court of Appeals upheld the constitutionality of Penal Law § 240.30 (2) in People v Shack (86 NY2d 529 [1995]). In Shack, the defendant maintained regular telephone contact with his cousin, a psychologist (hereinafter referred to as the complainant), twice a week from June to October, on the condition that he continue taking his medications and seeing his regular psychiatrist. In October, the defendant informed the complainant that he had stopped taking his medication. Since the defendant had discontinued his medication, the complainant told the defendant that he was no longer welcome to call her, to which the defendant threatened that “if he ever got angry with her, he could burn down the house of her elderly father (his uncle), who lived in New York City” (id. at 534). The defendant continued to call the complainant, who repeatedly advised him that she did not want to speak to him unless he was compliant with his medication.
At the end of November, the complainant underwent a surgical procedure, and told the defendant not to call during her recuperation. Undeterred, the defendant called her three times the day of her surgery, and 88 times between the surgery and *648 year’s end. In the next eight months, the defendant called the complainant 185 times. The defendant left messages, threatening the complainant’s family, including her daughter, and threatening to falsely report the complainant to the licensing board and have her license revoked (id,.).
Upholding the defendant’s conviction, the Court of Appeals held that Penal Law § 240.30 (2) prohibits only conduct — the act of placing a telephone call with no legitimate purpose— rather than proscribing certain speech in the content of the call (Shack, 86 NY2d at 535). This paragraph, therefore, avoids the constitutional pitfalls of Penal Law § 240.30 (1) (a) and (b) (cf. Golb, 23 NY3d 455 [2014]).* The Shack court went further, holding that to the extent Penal Law § 240.30 (2) is interpreted to proscribe speech, “it permissibly subordinates [the defendant’s First Amendment rights] to the recipient’s right to be free of unwanted telephone calls” (Shack at 536). Accordingly, absent some contextual or background allegations to show how the act of placing the call itself, rather than its content, is the culpable conduct, an application of CPL 240.30 (2) to individual phone calls would constitute an impermissible end run around the First Amendment (see Golb at 467).
A call has “no purpose of legitimate communication” when it lacks “ideas or thoughts other than threats and/or intimidating or coercive utterances” (Shack at 538). However, in light of these constitutional constraints, to sufficiently allege that a phone call lacked a legitimate purpose, the accusatory instrument must provide context for the communication, such as the number, frequency, or duration of the calls, or the efforts taken by the complainant to stop further contact (see People v Thompson, 28 Misc 3d 483, 497 [Crim Ct, Kings County 2010]; People v Coyle, 186 Misc 2d 772, 774 [Nassau Dist Ct 2000] [complaint facially sufficient where it alleged four calls in half an hour despite request not to call]). By itself, “the mere recitation, in the accusatory instrument, of defendant’s threat to the complainant ] does not establish such element” (People v Singh, 1 Misc 3d 73, 74 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2003]; *649 see also People v Stewart, 22 Misc 3d 131 [A], 2009 NY Slip Op 50161[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009] [allegations that defendant stated, “I’m going to bust your ass” on one occasion and threatened to stab complainant on another occasion were insufficient to allege that communications lacked legitimate purpose]).
In the instant case, the defendant is alleged to have contacted the complainant only once. The complaint alleges none of the context or timing of the conversation, and indeed only states the “sum and substance” of the alleged threat. The complaint does not allege what else, if anything, was said by the defendant, whether the complainant told him not to call her, or if the complainant responded in any way. Under these circumstances, the facts alleged, even if true, do not establish that the defendant’s communication had no legitimate purpose, given the Appellate Term’s holdings in Singh and Stewart. Accordingly, that branch of the defendant’s motion seeking to dismiss the count of aggravated harassment in the second degree was granted.
For the foregoing reasons, the defendant’s motion to dismiss was granted as to the count of unlawful imprisonment in the second degree and all three counts of aggravated harassment in the second degree, but denied as to the remainder of the information.

 As originally enacted, this subdivision was intended to prohibit (1) “driving a person to distraction by repeatedly dialing his number,” and (2) “tieing up business telephone lines by repeated calls” (Staff Notes of Temp St Commn on Rev of Penal Law and Crim Code, 1964 Proposed NY Penal Law [Study Bill, 1964 Senate Intro 3918, Assembly Intro 5376] § 250.10 at 390; see also Shack at 535).