People v Edwin (2024 NY Slip Op 51087(U))

[*1]

People v Edwin

2024 NY Slip Op 51087(U)

Decided on August 21, 2024

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 21, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Kareem Edwin, Defendant

Docket No. CR-004766-24KN

Prosecution: Kings County District Attorney's Office by ADA Grace Johnson
Defendant: The Legal Aid Society by Julia Patz, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that the accusatory instrument is facially insufficient and omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion is DENIED.
BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a misdemeanor complaint on February 3, 2024, charging PL §135.05, Unlawful Imprisonment in the Second Degree and related charges. This commenced the running of the ninety-day period, less excludable time, within which the Prosecution must be ready for trial pursuant to CPL §30.30(1)(b). On March 21, 2024, the Prosecution served and filed a Superseding Information (SSI). On April 26, 2024, the Prosecution served discovery for the first time, along with their COC and SOR. On May 22, 2024, Defendant, through counsel, emailed the Prosecution a list of outstanding discovery; the Prosecution responded the following day, agreeing to investigate the listed items. On June 10, 2024, the Prosecution responded to the conferral email and served an additional item of discovery. They also served and filed a Supplemental Certificate of Compliance (SCOC).
Defendant argues that the accusatory instrument is facially insufficient as to the charge of PL §135.05, Unlawful Imprisonment in the Second Degree because it relies upon conclusory statements to make out the element of restraint. Specifically, the SSI alleges that "Defendant did drag the informant by the clothes to a school lot and held informant there for about an hour and threaten to hurt informant if informant tried to leave." Defendant argues that merely alleging that the informant was "held" without any explanation of how it was done is conclusory. Defendant also argues that the allegation that he "did drag" the informant without further explanation of his [*2]alleged physical actions is conclusory.
Defendant also argues that the Prosecution's failure to disclose the following items of discovery renders their COC invalid: an unredacted Domain Awareness System (DAS) entity report for the complainant; body-worn camera footage (BWC) from all officers involved in taking the complaint and creating the Domestic Incident Report (DIR); BWC from all officers involved in processing Defendant's arrest; disclosure letters of disciplinary records and Complaint Review Board (CCRB) History Reports for Police Officers Spera and Smikle; an updated CCRB Allegation History Report for Officer Silinonte, as the one disclosed is dated two years ago; underlying documents related to disciplinary records for Officers Spera and Smikle; records of all services rendered by the Kings County District Attorney's Office (KCDA) to the complainant, as discovery provided states that KCDA assigned a social worker; the Command Log; BWC audit trails; and the BWC checklist. Regarding the DAS Report, Defendant argues that the document "explicitly details the allegations made by the complaining witness in this case" and "contains direct statements by the complainant in this case, and it is also a law enforcement documentation of the allegations made." Defendant concludes that the Prosecution inherently acted in bad faith by claiming the redacted material is unrelated to the subject matter of the case.
The Prosecution argues the accusatory instrument is facially sufficient because the factual pleading establishes all the elements of PL §135.05, Unlawful Imprisonment in the Second Degree by the confluence of events and a commonsense reading. The Prosecution pushes back against Defendant's argument regarding the word "drag" because physical force is not a requirement for restraint. They further argue that restraint is established by the allegation that Defendant threatened to hurt the informant if she tried to leave, a threat made palpable by the allegation that Defendant had punched her in the face immediately prior. Finally, the Prosecution asserts that restraint is established by physical force by the plain meaning of "drag" and "held." Regardless of the Court's conclusion, though, the Prosecution argues they certified in good faith that all charges were facially sufficient, so a finding of facial insufficiency does not invalidate their COC.
The Prosecution also argues that their COC and SOR were filed in good faith and valid under CPL §245.50. They argue Defendant's discovery requests are "preposterous, as they are irrelevant to the subject matter of the charges at hand" and that Defendant has failed to demonstrate any prejudice entitling him to a remedy or sanction. The Prosecution states that they emailed the NYPD on February 16 and March 22, 2024, requesting BWC-related materials, and on both occasions, received confirmation that no such materials exist for this case. They argue that Defendant is not entitled to Giglio materials for Officers Spera and Smikle because they do not relate to the subject matter of the case and the officers are not testifying witnesses. They argue they have complied with their discovery obligations regarding Giglio materials for Officer Silinote because the CCRB Allegation History they disclosed is current through January 26, 2024, and they have provided all the related materials in their possession. They assert that all information in their possession regarding services rendered to the complainant were turned over in their Notice and Disclosure Addendum; to the extent anything else exists, they argue it is not subject to automatic discovery because it is not in their possession. The Prosecution argues they have fulfilled their obligation to disclose discoverable materials contained in the BWC audit trails by turning over the BWC itself. They argue the audit trails are not subject to automatic discovery. They argue that the neither the Command Log nor the redacted portions of the DAS [*3]Report are related to the subject matter of the case and are therefore not discoverable. However, should the Court disagree, the Prosecution argues it should not invalidate their COC, as they made a good faith legal interpretation of the statute. Moreover, the Prosecution disclosed the unredacted DAS report upon Defendant's request as a courtesy.
RELEVANT LAW
To be deemed facially sufficient, a misdemeanor information must contain non-hearsay allegations of an evidentiary nature that provide reasonable cause to believe that the defendant committed the offenses charged and, if true, the allegations must establish every element of each offense (see People v Alejandro, 70 NY2d 133, 137 [1987]; CPL § 100.40[1]). Facial sufficiency is determined by reviewing the factual portion of the accusatory instrument in conjunction with any supporting depositions. However, the prima facie requirement for the facial sufficiency of an information "is not the same as the burden of proof beyond a reasonable doubt required at trial, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based upon the proof presented at trial" (People v. Smalls, 26 NY3d 1064, 1066 [2015]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v. Casey, 95 NY2d 354, 360 [2000]). The court must assume that the factual allegations are true and must consider all reasonable inferences that may be drawn from the allegations (CPL §100.15; Alejandro, 70 NY2d at 135; People v Henderson, 92 NY2d 677 [1999]). The court need not negate every other plausible theory when a reasonable view of the facts establishes the offense charged (People v Dumay, 23 NY3d 518, 525-526 [2014]).
"A person is guilty of unlawful imprisonment in the second degree when he restrains another person" (PL §135.05). "'Restrain' means to restrict a person's movements intentionally and unlawfully in such a manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent and with knowledge that the restriction is unlawful. A person is so moved or confined 'without consent' when such is accomplished by physical force, intimidation, or deception" (PL §135.00).
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
A statement of readiness is valid only if the prosecution certifies that all counts in the accusatory instrument meet the requirements of CPL §§ 100.15 and 100.40, and those that do not have been dismissed (CPL §30.30[5-a]).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1-a]; see also People v Bay, 41 NY3d 200 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
Pursuant to CPL §30.30[1][b], the prosecution must declare trial readiness within ninety days from the date of commencement of a misdemeanor criminal action. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial . . . until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 
ANALYSIS
Facial Sufficiency
Defendant's arguments that the factual pleadings are conclusory are meritless. The Court disagrees entirely that any further specification of the physical steps involved in Defendant dragging the complainant by her clothes to a lot is necessary. On the contrary, the Court finds that this allegation unequivocally describes forced movement.
The Court also disagrees with Defendant that the allegation of holding the complainant at the lot is insufficient to make out restraint. However, even assuming arguendo that the phrase "held informant there" is conclusory, the surrounding facts make out restraint by means of asportation and intimidation: Defendant is alleged to have dragged the complainant to a school lot by her clothing and threatened to hurt her if she tried to leave, as well as actually hurting her by punching her in the face. The timeframe alleged, approximately one hour, constitutes a substantial interference with the complainant's liberty. Taken together, the factual pleading is sufficient to show Defendant forced the complainant to a location and compelled her to remain there under threat of violence. The factual pleading is facially sufficient as to the charge of PL §135.05, Unlawful Imprisonment in the Second Degree (see People v Murray, 167 Misc 2d 857 [1995] [holding that the restraint element of PL §135.05 was established where the defendant closely followed the complainant on a public street, blocked her escape, grabbed her elbow, and dragged her for approximately twenty feet]; cf. People v Parkman, 20 Misc 3d 52 [2008] [holding that an allegation that the defendant grabbed the complainant forcefully by the arm with no indication of the temporal length of the incident was insufficient to establish PL §135.05]).
[*4]Unredacted DAS Entity Report
To the extent the police use DAS Reports as an investigatory tool, they are subject to automatic discovery (CPL §245.20[1]). CPL §245.20(5) permits a party to withhold portions of a document that would otherwise be discoverable if, in his or her judgement, good cause exists for doing so.
The Court has reviewed both the redacted and unredacted versions of the DAS Report and finds that the Prosecution acted in good faith in making redactions. Despite Defendant's claims, none of the redacted material relates to the subject matter of the case, save Defendant's own identity, listed as a possible associate. The rest is comprised of personal identifying information. The Court finds that protecting the complainant's privacy is good cause within the meaning of CPL §245.20(5). Moreover, the complainant's personal identifying information is not a material issue. Defendant is correct in stating that portions of the DAS Report contain details of the allegations made in this case; however, none such portions were redacted. As such, the Court declines to invalidate the COC on the basis of redactions to the DAS Report.
BWC, Audit Trails, and Checklist
BWC and related materials are subject to automatic discovery (CPL §245.20[1][e], [u][i][B]). The Court is unable to decipher the Prosecution's arguments, as they are contradictory. On one hand, they assert that they twice contacted NYPD to request BWC and a checklist and were informed both times that no such materials exist for this case. On the other hand, they argue that they have fulfilled their obligation to disclose information from the audit trails by disclosing the BWC itself. At once, they suggest they have turned over the materials and that the materials do not exist.
In the absence of clarifying information, the Court must take the Prosecution at their word that no such materials exist. However, the Court grants Defendant leave to reargue this issue if BWC indeed exists.
Disclosure Letters, Disciplinary Records, and CCRB Records
Any information that tends to negate a defendant's guilt, mitigate his culpability, support a potential defense, impeach the credibility of a testifying witness, undermine evidence of a defendant's identity as the perpetrator of an offense, furnish a basis for suppression, or mitigate punishment is subject to automatic discovery (CPL §245.20[1][k]). The Court recognizes that this list may contemplate disciplinary records or disclosures of wrongdoing by police officers involved in the case who are not testifying witnesses (People v Peralta; 79 Misc 3d 945 [2023]). However, in this case, the Court has no factual basis upon which to conclude any such wrongdoing has occurred. Similarly, Defendant has not advanced an argument that either of the non-testifying officers, Spera or Smikle, were so integral to the case that their credibility must be examined (People v Hernandez, 81 Misc 3d 1201[A] [2023]). In light of recent binding appellate authority, the Court finds that disciplinary records for Officers Spera and Smikle are not subject to automatic discovery (People v Jawad, 2024 NY Slip Op , Appellate Term Docket Number 2023-1134 Q CR [App Term 2d Dept, 2d, 11th & 13th Judicial Districts August 13, 2024]; People v Earl, 2024 NY Slip Op , Appellate Term Docket Number 2023-254 Q CR [App Term 2d Dept, 2d, 11th & 13th Judicial Districts August 20, 2024]).
Regarding Defendant's request for an updated CCRB Allegation History Report for testifying witness Officer Silinonte, the Court credits the Prosecution's statement that the one [*5]disclosed is the most up to date in their possession. Should they receive an updated report for Officer Silinonte or any other testifying police witness, they are ordered to turn it over expeditiously (CPL §245.60).
Records of KCDA Services
A summary of all inducements made to any witness and all relevant documentation is subject to automatic discovery (CPL §245.20[1][l]). The Court credits the Prosecution's attestation that they have turned over everything of this nature in their possession, including a list of the services provided to the complainant and the Victim Service Counselor Notes. However, by arguing that any other such materials are not subject to automatic discovery because they are not in the Prosecution's custody or control, they misapprehend their obligation. CPL §245.20(2) requires that the Prosecution strive to ascertain the existence of, obtain, and disclose materials that fall into any of the various categories of discoverable materials that are not in their possession. Accordingly, the Prosecution is ordered to seek out and disclose any additional records related to services provided to the complainant as soon as practicable.
Command Log
Neither party advances any argument about the discoverability of the Command Log. They merely assert opposite conclusions. In the absence of any facts or arguments, the Court has but to fall back upon CPL §245.20(7)'s presumption of openness and order the Prosecution to disclose them within thirty days (CPL §245.20[1][e]). However, this disclosure-by-default does not bear on the validity of the COC.
CONCLUSION
It is undisputed that Defendant was arraigned on February 3, 2024. The Prosecution filed a valid COC and SOR on April 26, 2024. The Prosecution is charged eighty-three days. Because the Prosecution has not exceeded their ninety-day limit, Defendant's motion to dismiss is denied (CPL §30.30[1][b]). This constitutes the decision and order of the Court.
Dated: August 21, 2024
Hon. Joshua Glick, JCC