People v Gardner (2024 NY Slip Op 24325)

[*1]

People v Gardner

2024 NY Slip Op 24325

Decided on December 11, 2024

District Court of Nassau County, First District

Petrocelli, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 11, 2024
District Court of Nassau County, First District

The People of the State of New York,

against
Ruby Gardner, Defendant.

Docket No. CR-016321-23NA

James Hodnett, Esq.
Attorney for Defendant
Robert DeDona, Esq. for 
Anne T. Donnelly, Nassau County District Attorney

Lisa M. Petrocelli, J.

The following named papers numbered 1 to 3 were considered by the Court on this motion by the Defendant seeking relief pursuant to Criminal Procedure Law Sections 170.30(1)(a), 170.30(1)(e), 30.30(1)(c), and 710.60:
1 Notice of Motion / OSC & Affidavit / Affirmation in Support
2 Affidavit / Affirmation in Opposition
3 Supplemental Affidavit / Affirmation in Opposition
X Affidavit / Affirmation in Reply
The Defendant moves this Court by Notice of Motion and Affirmation in Support of GRAUMAN LAW, P.C. by JAMES HODNETT, ESQ., each dated February 21, 2024, for an Order, inter alia, deeming the accusatory instrument to be insufficient and dismissing the within matter pursuant to the applicable sections of the Criminal Procedure Law ("C.P.L.") as detailed hereinabove. Such relief is sought based upon the allegation that the Certificate of Readiness for Trial filed by the People on October 26, 2023 is illusory and invalid due to a defective accusatory instrument (see C.P.L. Section 30.30(5-a)), and that as a result, the Defendant has been denied her constitutional right to a speedy trial. Alternatively, counsel for the Defendant seeks pre-trial suppression hearings to address a statement purportedly made by the Defendant to law enforcement on August 17, 2023 at 1:30 p.m. and her subsequent seizure and arrest. By Affirmation in Opposition of JAKE WOHL, ESQ., dated March 13, 2024, the People partially oppose such relief. The Defendant elected to forego a reply in response thereto and the motion was initially submitted on April 1, 2024.
By Short Form Order dated June 5, 2024, this Court directed that a motion conference be conducted based upon its inability to reconcile the position of defense counsel that the offense charged is improperly classified (see Affirmation in Support, Paragraphs "15" - "19") and the apparent concession by the prosecution as to same (see Affirmation in Opposition, Paragraph [*2]"29"). Following brief oral argument on the record on June 6, 2024, the People were granted leave to submit the Supplemental Affirmation [sic] in Opposition of ROBERT DEDONA, J.D. (at such time), sworn to on June 27, 2024. After granting extensions of time to defense counsel on both August 8, 2024 and August 27, 2024, the motion was submitted for re-consideration and without reply on September 9, 2024. 
The Defendant is currently charged with violating a single count of the Vehicle and Traffic Law, to wit: Section 600-2a, which offense is identified and defined as a Class A Misdemeanor in the accusatory instrument filed herein. Notwithstanding such denomination, the prosecution acknowledges that the facts and circumstances of the purported incident fall within the statutory definition of the associated Class B Misdemeanor, and that the applicable time period within which the People must be ready for trial is sixty (60) days following the commencement of the action pursuant to C.P.L. Section 30.30(1)(c) (see Affirmation in Opposition, Paragraph "29") based upon the classification of the intended charge and the potential sentence of imprisonment associated therewith. The Defendant bears the burden of proving by a preponderance of the evidence that there exist various delays that have resulted in the expiration of such sixty (60) day period prior to the declaration of readiness for trial by the People (see e.g. People v. O'Neal, 99 AD2d 844, 845 (2nd Dept. 1984)). Once a Defendant has demonstrated a delay greater than the sixty (60) day statutory speedy trial period, the burden of proving that certain time periods should be excluded from this calculation falls upon the People. Id. Finally, prior to any announcement of readiness for trial, the People must meet all obligations imposed by both C.P.L. Article 245 and C.P.L. Section 30.30 as amended.
 Procedural History
On or about August 4, 2023 at approximately 3:35 p.m., it is alleged that the Defendant was operating her 2016 Acura motor vehicle on a public roadway located in Great Neck, County of Nassau, when she struck and injured a pedestrian in a designated intersection crosswalk. It is further alleged that the Defendant then exited her vehicle and assisted the complaining witness to an adjacent sidewalk before leaving the scene without providing either identification or insurance information. Later that day, the complaining witness presented herself to the Nassau County Police Department ("N.C.P.D.") Sixth Precinct to report the incident but refused any medical attention at such time. Following an investigation by law enforcement, the Defendant voluntarily surrendered herself and was placed under arrest on August 17, 2023 at 3:33 p.m. at which time she was issued an Appearance Ticket.
The Defendant was arraigned on the pending charge on September 5, 2023. The speedy trial time commenced the following day on September 6, 2023 (see People v. Stiles, 70 NY2d 765, 767 (1987); see also General Construction Law Section 20), and thus the People were required to state their readiness for trial within sixty (60) days thereof, to wit: November 4, 2023.[FN1]
On October 26, 2023, the People filed a Certificate of Compliance with Initial Discovery and a Certificate of Readiness for Trial ("C.O.C./C.O.R.") off-calendar pursuant to C.P.L. Section 245.50 ostensibly tolling the speedy trial clock. On January 23, 2024, counsel for the Defendant requested a motion schedule to prepare and submit the within application for relief. [*3]Following the aforesaid motion conference conducted on June 6, 2024 and supplemental opposition filed by the People on June 27, 2024, the motion was submitted in current form on September 9, 2024. Counsel for the Defendant contends that the Misdemeanor Information is facially deficient in that it misidentifies the sole offense with which the Defendant is charged. Based upon the foregoing, the Defendant seeks to have the Certificate of Readiness for Trial deemed illusory and invalid, and to retroactively revive the statutory speedy trial clock in this matter.

Discussion and Analysis
All aspects of remedial relief sought by counsel for the Defendant are addressed in sequence below.
There is established precedent that the requirement of actual readiness will be met unless there is proof that the readiness statement did not accurately reflect the position of the People at the time of filing (see People v. Carter et al., 91 NY2d 795, 799 (1998); see also People v. Brown, 126 AD3d 516 (1st Dept. 2015)). Moreover, there is a presumption that a statement of readiness is truthful and accurate until proven otherwise by a Defendant challenging same (see People v. Brown, 28 NY3d 392, 405 (2016)). Accordingly, the Court must address whether the Defendant is being prosecuted by a defective accusatory instrument as a threshold matter prior to considering any alternative relief.
Sufficiency of Accusatory Instrument
"The factual part of a complaint must establish 'reasonable cause' to believe that the defendant committed the charged offense (see CPL 100.40[4][b])[,]" and must contain " . . . 'nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof' (citations omitted). This is referred to as the 'prima facie case requirement' (citation omitted)." People v. Kalin, 12 NY3d 225, 228-229 (2009). Hence, a proper accusatory instrument must include valid and reliable information to ensure due process, to avoid running afoul of the constitutional rights of the Defendant, and to confirm that a court of competent jurisdiction is presiding over the matter. 
It is well-established that the Court is strictly bound to the four corners of the accusatory instrument for an evaluation of sufficiency (see e.g. People v. Slade, 37 NY3d 127, 136-137 (2021)) including " . . . all reasonable inferences that may be drawn from the allegations (citations omitted)[]" (see People v. Matos, 78 Misc 3d 322, 324 (Crim. Ct. Kings Co. 2023)). "The purpose of requiring nonhearsay allegations establishing every element of the charged crimes is to assure that there exists a sound and supportable basis for subjecting the accused to a trial (citations omitted)." Matter of Edward B., 80 NY2d 458, 464 (1992). "This requirement, unique to informations among accusatory instruments under the Criminal Procedure Law, serves a function analogous to that of the grand jury, requiring the People to lay bare their prima facie case before trial (citation omitted)." People v. Cruz, 44 Misc 3d 640, 642 (Crim. Ct. Queens Co. 2014); see also People v. Alejandro, 70 NY2d 133 (1987). While the Court recognizes that the "prima facie case requirement is not the same as the burden of proof beyond a reasonable doubt . . . (citation omitted)" necessary for conviction (see People v. Kalin, 12 NY3d 225, 230 (2009)), a baseline measure of adequacy and reliability of allegations must still be presented at the inception of any criminal proceeding. Within this aspirational framework, evaluations of sufficiency must be tempered with a "fair and not overly restrictive or technical [*4]reading" of the charging document (People v. Casey, 95 NY2d 354, 360 (2000)) coupled with the flexibility to consider circumstantial evidence or credible supposition at the pleading stage. The totality of such evidence presented must then be assessed by the Court " . . . in the light most favorable to the People[.]" People v. Jensen, 86 NY2d 248, 252 (1995).
In the instant matter, counsel for the Defendant asserts that the accusatory instrument charging a violation of Vehicle and Traffic Law ("V.T.L.") Section 600-2a as a Class A Misdemeanor is defective pursuant to C.P.L. Section 170.35 in that the requisite components of such offense are not properly substantiated (see Affirmation in Support, Paragraph "18"). V.T.L. Section 600-2a states in applicable part that the failure of a Defendant to "stop" and provide pedigree information following an incident involving known personal injury caused by the operation of a motor vehicle qualifies as a Class A Misdemeanor while any such violation " . . . resulting solely from the failure of an operator to exhibit his or her license and insurance identification card . . . shall constitute a class B misdemeanor[.]" V.T.L. Section 600-2c; see e.g. People v. Ghorab, 51 Misc 3d 1225(A) (Crim. Ct. Queens Co. 2016); People v. Auguste, 64 Misc 3d 1240(A) (Crim. Ct. Queens Co. 2019); cf. People v. Iskhakov, 78 Misc 3d 1204(A) at Footnote "1" (Crim. Ct. Queens Co. 2023). While these statutory variants share a common foundation, this subtle distinction wields significant impact upon applicable speedy trial time, potential monetary fines, and permissible sentencing following conviction. 
The accusatory portion of the subject Misdemeanor Information expressly designates the sole offense charged as a Class A Misdemeanor. The illustrative definition included therein incorporates the failure to "stop" before leaving the scene of incident as a component of the enumerated crime. Moreover, the factual portion subscribed to by law enforcement contends that the Defendant " . . . left the scene without stopping . . . " (see Affirmation in Support Exhibits "1", "2"). In contrast, the complaining witnesses acknowledges under oath that "[t]he unknown female [driver] picked me up off the ground before driving away . . . " (see Affirmation in Support Exhibit "3") demonstrating that the Defendant stopped her automobile at the scene.[FN2]
Finally, the purported statement of the Defendant noticed pursuant to C.P.L. Section 710.30(1)(a) and integrated into the charging document asserts that "I made a left turn and felt something hit my car. I got out and saw a lady and helped her to the sidewalk and got back in my car."
"It is fundamental that a person accused of [a] crime is not required to speculate as to what crime, if any, the information charges, for he is entitled to know in advance of trial what crime he is called upon to defend. When the information fails to state facts sufficient to constitute the crime charged, it is jurisdictionally defective and must be dismissed." People v. McGuire, 5 NY2d 523, 526 (1959); see also People v. Patrick, 175 Misc. 997, 998-999 (County Ct. Columbia Co. 1941). Moreover, "[t]he requirement that an . . . information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a [*5]rule of law." People v. Zambounis, 251 NY 94, 97 (1929). As the non-hearsay portion of the within Misdemeanor Information establishes that the Defendant stopped following the alleged incident, the elements required to prove the Class A Misdemeanor as charged are unsupported (see C.P.L. Section 100.40(1)(c)). The suggestion proffered by the People that a "competent counselor" (see Supplemental Affirmation [sic] in Opposition, Paragraph "13") should infer the actual crime to be defended in order to absolve the prosecution from their statutory burden is constitutionally untenable.
Notwithstanding the inclusion of distinguishing facts in the Misdemeanor Information such as time, date, and location, the Defendant herein was denied sufficient notice of the elements of the intended charge. The resulting uncertainty placed the Defendant at an impermissible disadvantage regarding tactical case analysis, effective trial strategy, and meaningful plea negotiation. Hence, this disparity cannot be regarded as a mere technical defect (see e.g. Supplemental Affirmation [sic] in Opposition, Paragraph "12") but rather a justifiable challenge to the validity of the accusatory instrument. While the Court acknowledges that the various components of a charging document need not be "precisely symmetrical" (see Affirmation in Opposition, Paragraph "24"), they must align to the extent that they allege the same elemental conduct. The examples cited by the People regarding judicial tolerance of drafting ambiguities and errors (see Supplemental Affirmation [sic] in Opposition, Paragraphs "5" - "7", "10") are unpersuasive as they do not address issues of comparable significance or consequence.
Pursuant to the latest iteration of C.P.L. Section 30.30, the responsibility of verifying the accuracy of charges falls upon the prosecution and may not be shifted to the accused. The Certificate of Readiness for Trial filed by the People on October 26, 2023 contains the standard certification that " . . . all counts charged in any local criminal court accusatory instrument(s) filed in connection with the above-captioned criminal action meet the requirements of C.P.L. §§ 100.15 and 100.40, and any counts not meeting said requirements have been dismissed." As the violation of V.T.L. Section 600-2a as the intended Class B Misdemeanor is inaccurately specified and pled in the Misdemeanor Information, the subject accusatory instrument is facially insufficient and jurisdictionally defective (see C.P.L. 170.35(1)). Thus, the certification of trial readiness in this matter must be deemed illusory and invalid pursuant to C.P.L. Section 30.30(5-a).
Pre-Trial Suppression Hearings
In light of the foregoing analysis, the request for pre-trial suppression hearing(s) need not be addressed by the Court. 
Based upon the above determination, includable time chargeable to the People in this matter is calculated below.

 Chargeable Time Pursuant to Criminal Procedure Law Section 30.30(1)(c)
 Period between September 5, 2023 and September 28, 2023

As stated hereinabove, the within matter was arraigned on September 5, 2023 and the action was commenced. At arraignment, the proceeding was adjourned until September 28, 2023 for discovery compliance and no consent was obtained from the Defendant. Therefore, the time of 23 days is chargeable to the People.

 Period between September 28, 2023 and October 26, 2023
It is undisputed that the matter was further adjourned from September 28, 2023 to October 31, 2023 for discovery compliance and no consent was obtained from the Defendant; however the People filed a C.O.C./C.O.R. on October 26, 2023 in an attempt to pause the speedy trial clock. Therefore, the time of 28 days is chargeable to the People.

Period between October 26, 2023 and October 31, 2023
As the Certificate of Readiness for Trial filed by the People on October 26, 2023 has been deemed illusory and invalid, this period of adjournment without the consent of the Defendant is now includable for purposes of calculating speedy trial time pursuant to C.P.L. Section 30.30(1)(c). Therefore, the time of 5 days is chargeable to the People.

 Period between October 31, 2023 and November 28, 2023
It is undisputed that this matter was further adjourned from October 31, 2023 to November 28, 2023 upon the consent of counsel for the Defendant. As it does not appear that counsel for the Defendant raised any jurisdictional challenges to the charging document in his possession at such time, this adjournment constitutes a " . . . period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his [ . . . ] counsel[]" (see C.P.L. Section 30.30(4)(b)) and must be excluded from the computation of speedy trial time. Therefore, the time of -0- days is chargeable to the People.

Period between November 28, 2023 and January 9, 2024
As the Certificate of Trial Readiness filed by the People on October 26, 2023 has been deemed illusory and invalid, this period of adjournment without the consent of the Defendant [FN3]
is now includable for purposes of calculating speedy trial time pursuant to C.P.L. Section 30.30(1)(c). Therefore, the time of 42 days is chargeable to the People. 

Period between January 9, 2024 and January 23, 2024
It is undisputed that this matter was further adjourned from January 9, 2024 to January 23, 2024 at the request of counsel for the Defendant. As it does not appear that counsel for the Defendant raised any jurisdictional challenges to the charging document in his possession at such time, this adjournment constitutes a " . . . period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his [ . . . ] counsel[]" (see C.P.L. Section 30.30(4)(b)) and must be excluded from the computation of speedy trial time. Therefore, the time of -0- days is chargeable to the People.

Period between January 23, 2024 and September 9, 2024
Following the pre-trial motion schedule established by the Court on January 23, 2024, this matter was adjourned from January 23, 2024 to March 25, 2024; from March 25, 2024 to April 1, 2024; from April 1, 2024 to May 30, 2024; from May 30, 2024 to June 6, 2024; from June 6, 2024 (date of motion conference) to July 17, 2024; from July 17, 2024 to August 8, [*6]2024; from August 8, 2024 to August 27, 2024; and from August 27, 2024 to September 9, 2024 (submission of motion), and thus this cumulative period is excludable for purposes of calculating speedy trial time in accordance with C.P.L. Section 30.30(4)(a). Therefore, the time of -0- days is chargeable to the People.
In the case at bar, the total time chargeable to the People based upon the invalidation of the Certificate of Readiness for Trial is 98 days(23 + 28 + 5 + 42). Accordingly, the People have exceeded their statutory speedy trial time of sixty (60) days pursuant to C.P.L. Section 30.30(1)(c).
Based upon the foregoing, and upon all of the proceedings conducted herein, and after due deliberation, it is
ORDERED, that the Certificate of Readiness for Trial filed by the People on October 26, 2023 is deemed illusory and invalid, and is hereby vacated; and it is further
ORDERED, that in accordance with C.P.L. Section 30.30(1)(c), the motion of the Defendant to dismiss this matter pursuant to C.P.L. Section 170.30(1)(e) is hereby granted in its entirety; and it is further
ORDERED, that any other matters not specifically addressed herein are hereby denied as moot as this matter is now concluded.
The foregoing constitutes the Decision and Order of the Court. 
Dated: December 11, 2024
Hempstead, New York
E N T E R :
HON. LISA M. PETROCELLI
JUDGE OF THE DISTRICT COURT

Footnotes

Footnote 1:As November 4, 2023 was a Saturday, the speedy trial time period automatically extended to the following business day, to wit: Monday, November 6, 2023. See General Construction Law Section 25-a(1).

Footnote 2:This detail is corroborated by the N.C.P.D. Crime Report which indicates that "[t]he listed driver . . . picked the Victim up off of the ground[]", and the New York State Department of Motor Vehicles Police Accident Report (Form MV-104A) which reflects that the "[d]river of MV1 got out of the vehicle and tried to lift [the complaining witness] off the ground before leaving the scene[.]" See Affirmation in Support Exhibit "1".

Footnote 3:It is not the responsibility of the Court to "corroborate" that this period of adjournment was upon the consent and/or request of defense counsel for "plea negotiations" and "discovery review" (see Affirmation in Opposition, Paragraph "33") but rather the People must affirmatively demonstrate that such time is properly excludable for speedy trial purposes. See People v. O'Neal, 99 AD2d 844, 845 (2nd Dept. 1984).